# The Commonwealth of Pennsylvania, for the use of Robert McClure, as well as for the Allegheny Home, *versus* Gedikoh.

1. The Act of February 26th 1855, Pamph. L. 53, prohibiting the sale of intoxicating liquors on Sunday, is repealed, so far as the county of Allegheny is concerned, by the Act of April 3d 1872, Pamph. L. 843.

2. The Act of April 3d 1872, Pamph. L. 843, leaves no law, general or special, respecting the sale of liquors, in force in Allegheny county, excepting those special laws for which the Act itself provides.

October 18th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ.   PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October Term 1882, No. 147.

This was, in the court below, a certiorari to W. E. Thompson, Esquire, a justice of the peace.

The transcript and record showed the following facts :—The Commonwealth of Pennsylvania, for use of Robert McClure, as well as for use of Allegheny County Home, brought an action of debt against Frederick Gedikoh, before a justice, to recover $50 penalty under the Act of February 26th 1855 (Pamph. L. 53) entitled : "An Act to prohibit the sale of intoxicating liquors, wine and cider on the first day of the week commonly called Sunday."   Witnesses were produced who testified that they had drank liquor at Gedikoh's hotel on a certain Sunday, and the justice rendered judgment against the defendant in the sum of $50.   Subsequently Gedikoh took a writ of certiorari and filed the following exception : "The justice erred in entering judgment for plaintiff, the Act of Assembly under which the action was brought and judgment for the penalty rendered, having been repealed by the Act of Assembly of April 3d 1872."

After argument, the court below reversed the judgment of the justice, whereupon the plaintiff took this writ assigning for error the reversal of said judgment.

*A. M. Watson,* for plaintiff in error.—The court erred in ruling that § 1 of the Act of February 26th 1855, was repealed

[Commonwealth v. Gedikoh.]

by the Act of April 3d 1872. The former is a general Act providing for the imposition of a penalty for violating its provisions; while the latter is simply an Act regulating the granting of licenses, and makes no provision for a suit to obtain the penalty provided for by the Act of 1855. The Act of 1872 repeals all laws and parts of laws relating to the sale of liquors in Allegheny county, and provides for issuing licenses to the vendors of the same in the way there specified, but it makes no provision for enforcing civil penalties for the desecration of Sunday, and therefore does not repeal that portion of the Act of 1855.

*Ferguson* (with him *Ramsey*), for defendant in error.—The Act of 1872 provides that "all laws and parts of laws now in force, relative to the sale of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, in the county of Allegheny, or any part thereof, be and the same are hereby repealed." This language is neither equivocal or uncertain, and the Act of 1855 is undoubtedly repealed thereby.

Mr. Justice GORDON · delivered the opinion of the court, November 20th 1882.

"All laws and parts of laws now in force, relative to the sale of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, in the county of Allegheny, or any part thereof, be and the same are hereby repealed." (Act 3d April 1872, sec. 1. Br. Purd. 951.)

The language above recited is so general and all embracing in its character that a misconception of the legislative intent is impossible. It repeals not only all laws but all parts of laws then in force, relative to the sale of intoxicating liquors, in the county of Allegheny. It thus, so far as this county was concerned, swept away the Act of 1855 and every part of it. It is very true that the later act does not supply the second section of the former, but this omission may be accounted for under the supposition that the legislature regarded the making of the offence of selling liquors on Sunday a misdemeanor punishable by fine and imprisonment, as all sufficient for its suppression. At all events, this shows that in framing the Act of 1872, that part of the Act of 1855 was not overlooked. It is, however, not necessary to attempt to account for either the omissions or commissions of the Act of 1872, since at the very head of it stands the repealing clause which we have cited, and that leaves no law general or special, respecting the sale of intoxicating liquors, of force in the county of Allegheny, saving and excepting only those special laws for which the Act itself provides. It follows, that there is no prohibition of, nor penalty against, the

sale of such liquors, whether on Sunday or any other day, except that found in the Act of 1872.

Judgment affirmed.