(Decided 14th March, 1892.)

JOSEPH P. SOLLERS *vs.* EDWARD J. SOLLERS.

*Fishing in Tide waters—Trespass—Right of Property—Adverse possession—Sec. 76 of Art. 39, for the Protection of Fish in Artificial ponds.*

Where fish have been caught and placed in a cove within the ebb and flow of the tide, being confined therein by a wire fence

Sollers *vs.* Sollers.

extending across its mouth, there is no such right of property in them as will support an action of trespass against a person for catching them and appropriating them to his own use.

If after fish have been taken, they are restored to their native element, so that they can only be regained in like manner to that by which they were originally taken, the right of property is lost.

Under section 46 of Article 54 of the Code, which provides that "no patent shall hereafter issue for land covered by navigable waters," a continuous and adverse possession for twenty years prior to 1890, of land covered by water, within the ebb and flow of the tide, confers no title as against the State.

Section 76 of Article 39 of the Code, providing for the protection of fish in artificial ponds, has no application to a cove within the ebb and flow of the tide, in which fish have been placed.

APPEAL from the Circuit Court for Calvert County.

This appeal was taken by the plaintiff from a judgment of the lower Court in favor of the defendant. The case is stated in the opinion of this Court.

The cause was argued for the appellant, before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, and McSHERRY, J., and submitted on brief for the appellee.

*Daniel R. Magruder,* (with whom was *John B. Gray,* on the brief,) for the appellant.

*John B. Bunting,* and *James T. Briscoe,* for the appellee.

PAGE, J., delivered the opinion of the Court.

This case was probably instituted for the purpose of trying the title to certain land, covered by water,

NOTE.—Prescriptive rights of fishery are the subject of a valuable *note* to *Turner vs. Hebron,* (*Conn.*) 14 *Law Reps. Ann.*, 386.

within the ebb and flow of the tide. The evidence contained in the record, however, is so meagre, and evidently so imperfectly set out, that we are unable to ascertain with reasonable accuracy what the facts were upon which the instructions asked for by the parties, or granted by the Court were predicated. We are confined, however, to that which the record furnishes, and must render our decision in accordance with what there appears. By the first prayer of the plaintiff, the Court was asked to instruct the jury, that if they found the defendant caught the fish of the plaintiff, "while confined and without the permission of the plaintiff," and appropriated them to his own use, their verdict must be for the plaintiff. The evidence to support this prayer was that the plaintiff *"caught and confined"* large quantities of fish in Terrapin Cove. This cove, it is stated, *"was* an arm of Mearses' Cove, which emptied into the Patuxent River through a channel made by John J. Sollers." It is uncertain from this statement, whether the "channel" thus referred to was an entirely artificial way, or whether before it was made, the waters of Mearses' Cove had flowed through a natural outlet to the river. It must be inferred, however, that if Mearses' Cove was an *"arm"* of the Patuxent, there must have been a natural way through which the tide had always ebbed and flowed. The evidence further shows that Terrapin Cove contained about one and a half or two acres of land, all of it covered by water, within the ebb and flow of the tide; that the deepest water in it was about eight feet, and that the fish taken by the defendant were confined therein by a wire fence "extending across its mouth thirty yards wide." Now to complete the right of property in fish, an actual appropriation or "mancupation" must be made. The possession must be complete; and, if when taken, they are voluntarily restored to their native element, so that they can only

be regained in like manner to that by which they were originally taken, the right of property is lost. *Angell on Tidewaters*, 137. This prayer does not require the jury to find, as one of the conditions of the plaintiff's recovery, that the plaintiff had title to the soil covered by the water of Terrapin Cove; and we do not think that it can properly be maintained that by the construction of a fence across the mouth of the cove, the plaintiff had so confined the fish, as to retain the title to those he had caught and placed therein. By so restoring them to their native element, he relinquished the possession of them and thereby lost such right of property as he may have had in them. This prayer was therefore properly rejected.

The plaintiff's second prayer raises the question whether a continuous and adverse possession for twenty years, prior to 1890, of land covered by water, within the ebb and flow of the tide, will confer such a title to the soil as will enable a party to maintain trespass against one who enters thereon and catches fish without permission from the person claiming it. Since the passage of the Act of 1862, ch. 129, there can be no difficulty on this point. That Act, which is codified in the present Code, Article 54, sec. 46, provides, that "no patent shall hereafter issue for land covered by navigable waters." "All the soil below high water mark within the limits of the State, *where the tide ebbs and flows*, that is the subject of exclusive propriety and ownership, belongs to the State, subject only to such lawful grants of such soil, as may have been heretofore made." *Hess vs. Muir, et al.*, 65 *Md.*, 607; *Browne vs. Kennedy*, 5 *H. & J.*, 203.

Terrapin Cove, therefore, being a tributary of Patuxent River, and within the ebb and flow of the tide, must be regarded as a public river or arm of the sea, the soil of which under the charter granted to Lord Baltimore, became

vested in the State of Maryland; and so it remains, unless it be included in some grant by the State, made prior to the passage of the Act of 1862. The plaintiff in this case does not rely upon such a grant; his only claim is by adverse possession. But title by possession presumes a grant, and such a presumption cannot be entertained as against one incapable of granting. *Casey's Lessee vs. Inloes, et al.*, 1 *Gill*, 497. No title, therefore, could be acquired by possession as against the State, in the face of the statute, which expressly provides, that no such grant shall be made, we therefore find no error in the rejection of this prayer. It is unnecessary to consider the fourth instruction asked for by the plaintiff. Inasmuch as it directed the jury if they found the facts therein stated, to bring in their verdict for the defendant, the plaintiff was certainly not injured by its rejection.

Of the prayers granted by the Court at the instance of the defendant, the second and third are apparently based upon the theory, that Terrapin Cove was an "artificial pond" constructed by the plaintiff under the statute law of Maryland, and that there could be no recovery unless the plaintiff had put certain "notices" in two or three newspapers in Calvert County, or given such "notices" "by written handbills put up at public places near said pond." But said cove was an "arm of Mearses' Cove" and therefore a tributary of Patuxent River, and not within the scope of any statute which has for its purpose the protection of fish in artificial ponds.

The statute supposed to be applicable to this case, is not specifically mentioned in the record, nor in the brief of the appellee. It is described, however, in the brief of the appellant, as being sec. 76 of Article 39 of the Code, and this being the only statute in anywise germane to this subject, we suppose it is the one, upon which the theory of these two prayers was constructed. But this is a penal statute, enacted for the purpose of protecting

owners of artificial ponds situated "on their own land, or lands of which they are in legal possession," in the owner-ship and control of such fish or eggs or spawn of fish, as may be put therein for breeding or cultivating fish, by making it a misdemeanor punishable by fine, for any one to enter upon the premises for the purpose of fishing, or to catch fish therefrom. This statute confers no rights, but simply protects rights which otherwise exist, by creating an offence, and providing a punishment. It has no relevancy to this case. The granting of these prayers therefore was error. We do not deem it neces-sary to pass upon the defendant's first prayer, for the reason that the case must be remanded for a new trial, and in view of the fragmentary evidence with which we have been furnished, we have already expressed our-selves as fully as is proper.

> *Judgment reversed, and*
> *new trial awarded.*

