## JOHN T. FLOOD *vs.* THE STATE OF MARYLAND.

*Sale of Liquor on Sunday in Anne Arundel County.*

Appeal from the Circuit Court for Anne Arundel County.

John T. Flood was indicted for selling liquor in Anne Arundel County on Sunday. The indictment contains two counts, the first of which was demurred to and the second abandoned. The demurrer was overruled, and the defendant having waived his right to plead over, judgment of guilty was entered, and the defendant has appealed. The only question presented by the record is whether the demurrer was properly overruled. By a general law passed in 1866—Code, Art. 27, sec. 385—it was made an offense to sell liquor on Sunday, anywhere in the State. And in the case of *State* v. *Eldavitch*, 77 Md. 148, it was held, that it was not essential to charge in the indictment that the party charged did or did not have a license to sell liquor, or "was a trader," since in any event if he was found guilty of selling liquor on Sunday he was liable. By ch. 383 of the Acts of 1886, the sale of liquor in Anne Arundel County was prohibited except in the city of Annapolis and in one precinct of the Fifth Election District; but no reference is made to the sale of liquor on Sunday. Neither this law, nor any other local law for Anne Arundel County permits the sale of liquor on Sunday, and therefore there is no question of repeal by the local law of the county, of the provisions of the general law relating to the sale of liquor on Sunday. The general law forbidding the sale of liquor on Sunday is still in force in Anne Arundel County, and therefore the demurrer to the first count was properly overruled.

The case of *State* v. *Ewell*, 63 Md. 120, was when there were two Acts, so repugnant to each other, that of necessity both could not stand. It sustains a well-settled principle governing the matter of repeals of statutes by implication. It has no bearing upon this case, where no such principle is involved.

Opinion by PAGE, J., filed March 28th, 1906. *Robert Moss* and *A. T. Brady*, for the appellant. *Wm. S. Bryan, Jr.*, *At-*

*torney-General*, and *Nicholas H. Green, State's Attorney*, for the appellee.