## COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY ET AL. *v.* WILLIAM H. THOMAS, JR.

[No. 43, January Term, 1937.]

*Decided March 16th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Benjamin Michaelson* and *Roscoe C. Rowe,* for the appellants.

*Albert Jerome Goodman,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Alleging himself to be the owner and operator of a tavern and lunch room located at Ferndale, Anne Arundel County, known as Ferndale Tavern, in which he had a substantial investment, that trading under the name of Ferndale Tavern he was the holder of a State of Maryland Class D (on sale generally) beer license issued him by the clerk of the Circuit Court of that county on April 29th, 1936, under authority of the provisions of article 2B of the Annotated Code of Maryland, after he had first met all requirements of the board of license commissioners for said county, for which license he had paid an annual fee of $50, that he also had obtained an annual trader's license, an annual cigarette license, and an annual federal malt beverage license; that under said beer license he was entitled to sell beer from 6 o'clock a. m. until 12 o'clock midnight, general, special, or primary election days excluded; that he had operated his tavern in a legal, orderly, and peaceful manner, and not contrary to the law of the state, notwithstanding which, he had been notified by the defendants, the County Commissioners of Anne Arundel County, Joseph W. Alton, sheriff of said county, and Thomas G. Basil, police commissioner of the City of Annapolis, said sheriff and police commissioner acting under the orders of said county commissioners, that he would not be permitted to keep open or operate his place of business on Sundays, and that the defendants and their subordinates had ordered him to close his tavern and lunch room at 12 o'clock at midnight on Saturday of each week and keep it closed until the following Monday at 6 o'clock a. m. under threat of arrest and prosecution, that the commissioners in issuing said orders, through their subordinates, had neither right nor authority therefor, and that he would suffer ir-

reparable loss and injury not susceptible of adequate compensation in the ordinary course of law and would be deprived of his property and means of earning an honest livelihood unless the defendants and their subordinates were prevented by injunction from interfering with him in the operation and management of his premises, William H. Thomas, Jr., filed a bill of complaint in the Circuit Court for Anne Arundel County, in equity against the officials hereinbefore named, in which it was prayed (a) that his rights under the license mentioned might be established; (b) that the County Commissioners of Anne Arundel County, the sheriff of said county, and police commissioner of the City of Annapolis and all their subordinates acting under their orders might be enjoined from molesting, arresting, or threatening to arrest him or his employees by reason of selling or offering to sell beer on Sunday between the hours of 6 o'clock a. m. and 12 o'clock midnight, while he held a class D beer license; (c) that a preliminary injunction might be issued against the defendants; and (d) that he might have such other and further relief as the nature of his case may require.

The board of license commissioners of Anne Arundel County, by order of court, was permitted to intervene in order that their rights and duties in connection with the matters referred to in the bill of complaint might be ascertained. The County Commissioners of Anne Arundel County demurred to the bill upon the grounds (1) that article 2B of the Code did not authorize the sale of beer on Sundays; (2) that the enactment of chapter 2, Special Session of 1933, did not authorize the issuance of licenses to sell beer on Sundays in Anne Arundel County; (3) that said act did not expressly repeal section 484 of article 27 of the Code of Public General Laws of Maryland; (4) that the provisions of said last mentioned section of article 27 were still binding upon the plaintiff, and any sale of beer made in contravention thereof was in violation of law. The sheriff of the county likewise filed a demurrer similar to that filed by the county commissioners, while Basil, the police commis-

sioner, filed an answer, denying that he or any police officer under his orders had notified plaintiff not to keep his place of business open on Sundays as alleged in the bill; furthermore, he alleged that his jurisdiction did not extend beyond the corporate limits of the City of Annapolis, while the plaintiff's place of business was beyond said corporate limits. Argument upon the demurrers was heard, and subsequently the court filed its opinion and ordered that the writ of injunction issue as prayed in the bill. In due course, answers were filed by the county commissioners and the sheriff of Anne Arundel County, and both answering defendants promptly filed motions to dissolve the preliminary injunction. The matter came on for final hearing and was submitted for decree upon bill, answers, and an agreed statement of facts, and the injunction was thereupon made perpetual. It is from that decree that the present appeal is prosecuted by the county commissioners and sheriff.

It should be noted that both answers neither admit nor deny any of the allegations of the plaintiff's bill, except those contained in the eleventh paragraph thereof to the effect that defendants in issuing and enforcing orders relative to the closing plaintiff's place of business on Sundays acted without legal authority, which allegations were denied in the answers. Moreover, that the agreed statement of facts is entirely consistent with the allegations of the bill. The question, therefore, to be determined is whether article 2B of the Code of Public General Laws (Acts 1933, Sp. Sess., ch. 2, and Acts 1935, ch. 358), has repealed sections 483-485 of article 27 of the Code of Public General Laws entitled "Sabbath Breaking." A consideration of these statutes convinces us that this question must be answered affirmatively.

The 1933 act, as disclosed by its title, was in effect a codification of all local and general statutes upon the subject of alcoholic beverages, and a comparison of such statutes with the act discloses an intent on the part of the Legislature to remove many previous restrictions and enact new regulations extending greater freedom both as

to sale and purchase. This is apparent when we consider the comprehensiveness of its provisions. At the outset it is made a crime for any one, unless within the exceptions, without a license to manufacture, blend, rectify, bottle, import, or sell alcoholic beverages or to suffer such acts to be done; to keep or permit to be kept upon his premises any such beverages for sale and delivery within the state. By section 3 of the article, licenses are divided into five general classes, the third class of which deals with beer licenses, while the fourth concerns beer and light wine licenses. These two classes are divided as follows:

Class A, off sale; B, on sale, hotels and restaurants; C, on sale, clubs; D, on sale, generally; E, on sale, steamboats; F, on sale, railroads.

Appellee holds a "beer license," class D (on sale generally), and the act declares such license "shall authorize the holder thereof to keep for sale and to sell beer at retail, at the place therein described, for consumption on the premises or elsewhere." Section 3, (3). It is also provided that the privileges thereby granted may be exercised from 6 a. m. to 12 o'clock midnight, such closing hour not being applicable to Prince George's County, and further that no sales are permissible upon general, special, or primary election days.

It will be seen that this language is broad enough to embrace Sundays and all other days, save for the limitations expressed, and would indicate a legislative intent to permit the sale of beer upon any days except those on which elections were held. But it is urged by appellants that the natural effect of the words used is such as to limit them to days on which the sale or articles of merchandise is lawful, and since Sunday is not such a day, the licensee is not permitted to sell beer on Sunday. The basis for this argument rests upon Code, art. 27, secs. 483-485, under which certain articles of merchandise may be sold on Sunday, but these do not embrace beer. Appellants further contend that the last cited sections are in full force and effect, because they are not by express

terms repealed by chapter 2 of the Acts of the Special Session of 1933, and are not antagonistic thereto. The authorities of *Flood v. State*, 103 Md. 692, 63 A. 684, and *Ulman v. State*, 137 Md. 642-646, 113 A. 124, relied on to support this proposition, lose their force when we recall that article 2B deals specifically with the sale of alcoholic beverages on Sunday by those licensed to sell same. This act discloses an intention to regulate the sale of intoxicating beverages and in such regulations to prescribe when a licensee may and may not sell on Sunday. It not only dealt with the subject-matter of sales on Sunday by a revision and codification of all local and general laws upon the subject-matter, but introduced a new rule upon the subject. Under these circumstances, we have no right to assume it was the legislative intent that this later enactment should be modified and restricted by the provisions of an earlier statute upon a different subject matter. Finally, in order that its purpose might be clear, the General Assembly declared that "all other laws or parts of law, whether general or local, inconsistent with the provisions of this Act, be, and the same are hereby repealed." Acts Sp. Sess. 1933, ch. 2, sec. 2. *Commonwealth, to use of McClure, v. Gedikoh*, 101 Pa. 354.

The clearness with which the General Assembly declared its purpose is apparent from a consideration of many other provisions of the statute, which show an intent to permit holders of class D (on sale generally) beer licenses to sell beer on Sunday, except as otherwise provided therein, and this intent is made manifest by the use of words the natural meaning of which includes Sundays, and also by various definite provisions found throughout the statute, excluding Sunday as a day of sale when it desired to prevent the exercise of such privilege on Sunday. In our judgment the appellee, who holds a class D (on sale generally) beer license, is, under the provisions of article 2B, permitted to make sales of beer on Sunday from 6 a. m. until midnight, and since this construction conflicts with the provisions of sections

483-485 of article 27, Subtitle "Sabbath Breaking," it follows that the sections last mentioned have been superseded by the later enactment with reference to the particular sales.

Furthermore, under the authority of *Gaither v. Cate*, 156 Md. 254, 144 A. 239, and *Clark v. Harford Agric. etc. Assn.*, 118 Md. 608, 85 A. 503, we feel that under the facts of this case the passage of the decree appealed from was proper.

*Decree affirmed, with costs to appellee.*