## UNITED STATES v. HAMPTON.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

### No. 821.

PENSIONS—MATERIALITY OF FALSE STATEMENT BY APPLICANT—DEPENDENT PENSION ACT.

Rev. St. § 4716, providing that "no money on account of pensions shall be paid to any person * * * who in any manner voluntarily engaged in or aided or abetted the late Rebellion," was not repealed by implication by Act June 27, 1890 (26 Stat. c. 634), known as the "Dependent Pension Act," but applies to pensions granted or applied for under said act; and a false statement in that regard, made under oath by an applicant under that act, is upon a matter material to the inquiry, and renders him subject to prosecution for perjury.

In Error to the Circuit Court of the United States for the Western District of North Carolina.

The defendant in error, William Hampton, was indicted in the district court of the United States for the Western district of North Carolina, in proper form, for perjury in making a false oath before a special examiner of the pension bureau in a matter material to an inquiry then pending before the commissioner of pensions touching a claim of said William Hampton for pension, by stating under oath in an affidavit, to wit, "I was not in the Confederate army," which statement was material to said inquiry and was not true; the said William Hampton having theretofore served as a soldier in the Confederate army. The jury found the defendant guilty, and he, through his counsel, moved in arrest of judgment, upon the ground that the statement was not material to the inquiry, for the reason that the application for a pension by said William Hampton was under the dependent pension act of June 27, 1890, and that section 4716 of the Revised Statutes of the United States was, by implication, repealed by the said act of June 27, 1890 (26 Stat. c. 634). The district court so held, and the motion was sustained, and the judgment arrested. The United States, through its attorney, prayed a writ of error, and has brought the case here.

Spencer Blackburn, Asst. U. S. Atty.

Before GOFF and SIMONTON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge (after stating the facts as above). Section 4716 of the Revised Statutes enacts that "no money on account of pension shall be paid to any person, or to the widow, children or heirs of any person, who in any manner voluntarily engaged in or aided or abetted the late Rebellion against the authority of the United States." This section was codified from the act of March 3, 1873, § 23. This act was entitled "An act to revise, consolidate and amend the laws relative to pensions," and was a general pension act, granting pensions to the officers and enlisted men, and their widows, children, and dependent relatives, who had served in the military and naval service of the United States, and who had been wounded, injured, or contracted disease in the line of duty. The act was an elaborate general law, of many sections, with provisions for the practical working of the pension department, and providing in detail who were to be benefited, how application for pension was to be made, how granted, and how paid, and general provisions for the punish-

ment of frauds, which were afterwards codified as part of title 57 ("Pensions") of the Revised Statutes of the United States. By act of June 27, 1890, congress determined to grant pensions not only to those who had been wounded, injured, or had contracted disease in actual service in the line of duty, but also to all soldiers and sailors of the United States who had served during the war of the Rebellion, and who were, or might thereafter be, suffering from a mental or physical disability of a permanent character, not the result of their own vicious conduct, which incapacitated them from manual labor, so as to render them unable to earn a support, and gave to them a pension of not less than $6 and not more than $12 a month, proportioned to the inability to earn a support, and without regard to rank. The act provided that persons receiving pensions under other existing laws, or whose claims were pending in the pension office, might receive the benefit of the act, and that nothing should be so construed as to prevent any pensioner thereunder from prosecuting his claim for pension under any other general or special act, provided that no person should receive more than one pension for the same period. It is stated in the record that it was under this act of 1890 that the defendant was applying for a pension.

This act of June 27, 1890, was a short act, of four sections, the purpose of which was to enlarge the existing acts so as to give a pension to United States soldiers and sailors of the war of the Rebellion who were incapacitated to such a degree as to be unable to earn a support, and also to provide pensions for their widows, children, and dependent parents. It does not in express terms repeal any existing acts,—not even those inconsistent with it. It simply enlarges the class of persons who may obtain pensions, and guardedly refrains from affecting any existing laws with regard to pensions. It is not possible to argue that it covers the whole subject of the prior existing · laws, and was intended as a substitute for them. To contend that the pensions under this act of 1890 were unaffected by the general provisions of the Revised Statutes, providing that pensions could not be attached or assigned or pledged, or that persons presenting false affidavits concerning claims for pensions under that act could not be punished under the sections of the general act, would be a proposition that could not be maintained. It is familiar law that repeals by implication are not favored (McCool v. Smith, 1 Black, 459–470, 17 L. Ed. 218), and that such an implication arises only where there is positive repugnance between the new law and the old, and then only to the extent of the repugnancy (In re Henderson's Tobacco, 11 Wall. 652–656, 20 L. Ed. 235; Chew Heong v. U. S., 112 U. S. 536–549, 5 Sup. Ct. 255, 28 L. Ed. 770; U. S. v. Matthews, 173 U. S. 381–388, 19 Sup. Ct. 413, 43 L. Ed. 738; Red Rock v. Henry, 106 U. S. 596–601, 1 Sup. Ct. 434, 27 L. Ed. 251; Appeal Tax Court v. Western Maryland R. Co., 50 Md. 274–296). We can find no repugnancy whatever in the present case. We are without the benefit of any argument or brief on behalf of the defendant in error, and without an opinion of the trial judge giving the grounds of his decisions, except the statement in the order signed by him that the false statement was not material to the inquiry, "in that, by implication, section 4716 of the

Revised Statutes of the United States was repealed by chapter 634, 26 Stat.," which is the act of June 27, 1890. The only implication which could arise would be from the language of the act of June 27, 1890, "that all persons who served ninety days or more in the military or naval service of the United States during the late war of the Rebellion," and were unable to earn a support, should be entitled to receive a pension, and from the contention that "all persons" meant all persons, whether they had served in the Confederate army or not, without reference to the qualification of section 4716, forbidding the payment of pension money to such persons. That is not a necessary implication, nor even a probable one. All the previous acts as to which section 4716 is plainly applicable use similar language—such as "all persons," "all soldiers and sailors," "all soldiers, sailors and marines"—to express the class to whom pensions are granted. And in several acts passed before the act of June 27, 1890, and in two passed afterwards, in which congress saw fit, for very apparent reasons, to exempt the beneficiaries from the restriction of section 4716, congress did so by express language,—as, for example, in the act of March 9, 1878, granting pensions to the survivors of the War of 1812, it was provided that section 4716 should not apply; and in the act of January 29, 1887, granting pensions to the survivors of the Mexican War, it was provided that section 4716 was repealed so far as pensioners under that act were concerned. And by the act of August 1, 1897, it was provided that the prohibition contained in section 4716 should not apply to persons who afterwards enlisted in either the navy or army of the United States, and who while in such service incurred disability from wound or injury received or disease contracted in the line of duty; and in the act of July 27, 1892, it was provided that persons who had served in certain Indian wars should not be affected by section 4716. From the fact that no such provision was inserted in the act of June 27, 1890, and that there is no apparent reason why it should be, we think it cannot be successfully maintained that there is any ground for holding that the act is not subject to the general regulation of section 4716, prohibiting the payment of any money on account of pensions to a pensioner who had been engaged in the Rebellion. For these reasons, we think that the inquiry as to the previous service of the defendant in the Confederate army was material, and that the granting of the motion in arrest of judgment was error, and should be reversed, and it is so ordered.