# CALLAN *v.* DISTRICT OF COLUMBIA.

STATUTES; REPEALS; EXTRA COMPENSATION FOR MUNICIPAL COURT JUDGES.

1. Repeals by implication are not favored, and when two statutes cover in whole or in part the same matter, it is the duty of the court to give effect to both, unless they are irreconcilable.

2. While the annual appropriation acts of Congress appropriating money for expenditures authorized by other acts are not controlling, in the determination of the construction to be placed upon the latter acts, they are proper to be considered when they indicate the contemporaneous construction placed upon such acts by Congress.

3. The act of Congress of February 17, 1909 (35 Stat. at L. 623, chap. 134), creating the municipal court of the District of Columbia, and providing that it shall be constituted of the existing justices of the peace, with the power on the part of any one of the judges of the supreme court of the District of Columbia to designate one of the municipal court judges to act as judge of the juvenile court in event of the sickness or disability of the latter judge, did not by implication repeal sec. 3 of the act of Congress of March 19, 1906 (34 Stat. at L. 73, chap. 960), providing that a justice of the peace might be so designated to act as judge of the juvenile court under a similar condition, in which event he should be entitled to receive $5 per day in addition to his salary as justice of the peace; and therefore a municipal court judge so acting is entitled to such extra compensation.

No. 2732.    Submitted January 8, 1915.    Decided March 29, 1915.

HEARING on an appeal by the plaintiff from a judgment sustaining a demurrer to the declaration in and dismissing an action against the District of Columbia to recover compensation for extra services rendered by the plaintiff while he was one of the judges of the Municipal Court of the District. *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment in the supreme court of the District sustaining the demurrer of the appellee, the District of Columbia, to appellant's declaration. The action is to recover compensation for services rendered by the appellant, Thomas H. Callan, while he was one of the judges of the municipal court of the District, as acting judge of the juvenile court during the years 1911, 1912, and 1913, as based upon sec. 3 of the act of March 19, 1906 (34 Stat. at L. 73, chap. 960), establishing a juvenile court, and providing that "in cases of sickness, absence, disability, expiration of term of service, or death of the judge of the juvenile court, any one of the justices of the supreme court of the  District of Columbia may designate one of the justices of the peace of said District to discharge the duties of said judge of the juvenile court  *  *  *  and said acting judge shall receive $5 per day in addition to his salary as jus-

tice of the peace, for the term that he shall serve, to be paid in the same manner as the salary of the judge of the juvenile court." The contention of the appellee is that this provision by implication was repealed by the provisions of the act of February 17, 1909 (35 Stat. at L. 623, chap. 134), entitled "An Act to Change the Name and Jurisdiction of the Inferior Court of Justice of the Peace in the District of Columbia." That act provided that the justice of the peace court should remain as then constituted, but should thereafter be known as the municipal court of the District of Columbia, and should consist of the then justices of the peace, who should serve as judges for the unexpired terms of their then existing commissions. The act further provided that in case of sickness, absence, disability, expiration of term of service of, or death of either of the judges of the police court, or of the juvenile court, any one of the judges of the supreme court of the District of Columbia might designate one of the judges of the municipal court to discharge the duties of said judge until such disability be removed, or vacancy filled. It is the contention of the appellee that the provisions of this act are so repugnant to the provisions of sec. 3 of the act of 1906 "as to constitute a repeal thereof, although there is nowhere in said act of 1909 any express repeal."

*Mr. Henry W. Sohon* for the appellant.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Robert L. Williams,* Assistant, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

It is a well-settled rule that repeals by implication are not favored, and that when two statutes cover in whole or in part the same matter, it is the duty of the court to give effect to both unless they are irreconcilable; in other words, unless it is clear that the later act was intended to displace the provisions of the former. *Henderson's Tobacco,* 11 Wall. 652, 20 L. ed.

235; *District of Columbia* v. *Hutton,* 143 U. S. 18, 36 L. ed. 60, 12 Sup. Ct. Rep. 369; *Frost* v. *Wenie,* 157 U. S. 46, 39 L. ed. 614, 15 Sup. Ct. Rep. 532; *United States* v. *Healey,* 160 U. S. 136, 40 L. ed. 369, 16 Sup. Ct. Rep. 247. In the present case, the later act is not necessarily irreconcilable with the former. The name of the justice of the peace court having been changed, Congress, as a matter of caution, and to save any question being raised as to the right of a judge of the newly constituted court to act as a judge of the juvenile court, specifically provided that he might do so. But it did not provide that he should so serve without extra compensation. It had expressly declared that the old court should remain as then constituted, but should thereafter be known by a different name, and later on it provided that "the said court [that is, the newly constituted municipal court] and each member thereof shall exercise the same jurisdiction as was vested in them as justice of the peace immediately before the passage of this act, and no more, *and shall be governed by the laws then in force, except as said laws* and said jurisdiction *are expressly changed or enlarged hereby."* The provision in the juvenile court act providing for extra compensation concededly was not expressly repealed. We are unable to find any necessary implication of repeal, since there is nothing in the later act which destroys this provision in the former. That being so, both may be permitted to stand. This view is strengthened by a reference to the deficiency appropriation bills of March 4, 1909, June 25, 1910, and March 4, 1911, directing payment "for services rendered by acting judge of said juvenile court, as authorized by sec. 3 of the act of March 19, 1906, creating said court." While these appropriation acts, of course, are not controlling, they are proper to be considered because they indicate the contemporaneous construction placed upon the act of 1909 by Congress.

It appearing that the compensation of the judges of the municipal court was not increased by the act of 1909, that there was no express repeal of the provision in the former act allowing extra compensation, that the later act expressly provided that the municipal court should "be governed by the laws then in

force" unless expressly changed, that Congress for three years thereafter recognized the extra compensation provision of the earlier act as still in force, we rule that it was not repealed by the later act. The judgment must be reversed, with costs, and the cause remanded.            *Reversed.*