Mr. Justice STRONG-
 

 delivered the opinion of the court.
 

 It is contended, on behalf of the United States, that the proviso relied upon by the claimants was repealed by the act of July 20, 1868.
 

 If this is so, it was a repeal by implication only. That act contains no words expressly repealing either the act of 1867 or that of 1864, to which the one of 1867 was a supplement. On the contrary, the repealing clause, which it does contain, indicates plainly the intention of Congress to leave in force some portions of former acts relative to the same subject-matter. The 105th section enacts, “ that all acts and parts of acts inconsistent with the provisions of this act are hereby repealed.” This is an express limitation of the extent to which it was intended former acts should cease to be operative, namely, only so far as they are inconsistent with the new act. It is quite inadmissible to engraft upon this express declaration of legislative intent an implication of more
 
 *657
 
 extensive repeal. Statutes are, indeed, sometimes held to be repealed by subsequent enactments, though the latter contain no repealing clauses. This is always the rule when the provisions of the latter acts are repugnant to those of the former, so far as they are repugnant. The enactment of provisions inconsistent with those previously existing, manifests a clear intent to abolish the old law. In the
 
 United States
 
 v.
 
 Tynen,
 

 *
 

 it was said by Mr. Justice Field, that •“ when there are two acts upon the same subject, the rule is ■to give effect to both, if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not, in express terms, repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.” For this several authorities were cited, some of which have been cited on the present argument. This is, undoubtedly, a sound exposition of the law. But it must be observed that the doctrine asserts no more than that the former statute is impliedly repealed,
 
 so far
 
 as the provisions of the subsequent statute are .repugnant to it, or
 
 so far
 
 as the latter statute, making new provisions, is plainly intended as a substitute for it. Where the powers or directions under several acts are such as may well subsist together, an implication of repeal cannot be allowed.
 
 †
 

 If now, in the light of these principles, the act of July 20, 1868, be examined and compared with the acts of 1864 and 1867 (the latter being an amendment of the former), there will be found in it nothing inconsistent with the authority given by tbe amended act of 1867 to the collector to seize and hold property subject to forfeiture, or with the proviso that directs the mode of procedure to enforce forfeitures, designates the courts in which proceedings may be instituted, and limits the time within which they may be com
 
 *658
 
 xnenced. It cannot be said that all the powers and limitations mentioned in the proviso may not subsist in entire consistency with everything prescribed in the act of 1868. Undoubtedly, that act was intended to be a revision of former acts relative to spirits and tobacco. And in some particulars it made changes. It introduced new provisions respecting the mode of paying the tax on spirits and tobacco, and it prescribed some new penalties for new offences, but it made no provision respecting the mode of enforcing penalties and forfeitures. It cannot, therefore, have been intended as a. complete substitute for all former acts relative to its subject. There are many provisions of the acts of 1864 and 1867 which it left untouched and unsupplied. Indeed, the first fifty-two sections of the act of 1864, amended as they were by the acts of 1866 and 1867, without which the revenue laws cannot be executed, are' not attempted to be supplied. There is, therefore, no reason for holding that any other provisions of the acts of 1864 and 1867 have been repealed than such as are plainly inconsistent with the provisions of the act of 1868. There is nothing in this latter act repugnant to the proviso upon which the claimants rely.
 

 But the proviso of the 25th section of the act of 1867, which limits to twenty days the time for commencing proceedings to enforce forfeitures, has no application to any other forfeitures than such as are provided for in that section. Those are, as we have seen, forfeitures for neglect or refusal to make certain true and exact entries and reports, and forfeitures for neglect or refusal to do any of the things by law required to be done concerning distilled spirits (or tobacco). They are forfeitures for acts of omission or neglect. To proceedings to enforce them, the limitation was applied. It was made applicable to no other. The proviso speaks of proceedings to enforce
 
 said-
 
 forfeiture, and plainly contemplates no seizure or forfeiture for any different offence than those previously mentioned in the section. This information is founded upon no such neglect or refusal. The forfeiture claimed is for affirmative acts of the claimants; for active offences first made grounds of forfeiture by the
 
 *659
 
 act of 1868. Each count charges positive fraud — the first and second, fraudulent use of stamps, unknown under the act of 1867; and the third count charges fraudulent entries and fraudulent reports. It may well be that a distinction was intended to be made. Passive violations of law, mere neglect, may have been regarded less culpable than active transgression. All the causes of forfeiture enumerated in the sixty-ninth section of the act of 1868, upon which all the counts in the information are based, are of the latter character.
 
 We
 
 cannot hold, therefore, that the limitation of the proviso to the 25th section of the act of 1867, which the claimants have pleaded, is any protection to them. It follows that the judgment of the Circuit Court dismissing the information must be reversed.
 

 The judgment of the Circuit Court is
 

 Reversed, and the cause is remanded FOR FURTHER PROCEEDINGS.
 

 *
 

 Supra, 92.
 

 †
 

 Dwarris on Statutes, 674,
 
 et
 
 seg.; Goldson
 
 v.
 
 Buck, 15 East, 377.