THE STATE OF MARYLAND *vs.* GEORGE YEWELL.

*Conflicting Legislation—Repeal by Implication—Act of 1876, ch. 273, inhibiting the Sale of Spirituous Liquor to Minors—Act of 1882, ch. 112, commonly called the "Local Option Law."*

When there are two Acts on the same subject, the rule is to give effect to both, if possible. But if the two are repugnant in any of their provisions, the latter Act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first.

The special provisions of the Act of 1876, chapter 273, prohibiting the giving or selling of spirituous liquor to minors within the corporate limits of the City of Annapolis, are superseded by the more comprehensive and stringent prohibition of the Act of 1882, chapter 112, commonly called the "Local Option Law."

APPEAL as upon Writ of Error, from the Circuit Court for Anne Arundel County:

The case is stated in the opinion of the Court.

The cause was submitted for the appellant to ALVEY, C. J., YELLOTT, STONE, ROBINSON, IRVING, and RITCHIE, J.

*James M. Munroe, State's Attorney for Anne Arundel County,* and *Charles B. Roberts, Attorney-General,* for the appellant.

No appearance for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The traverser was indicted by the Grand Jury of Anne Arundel County for violating the Act of 1876, chap. 273; one count in the indictment being for giving, and the

State *vs.* Yewell.

other for selling spirituous liquor to a minor within the corporate limits of Annapolis, without the written order or consent of his parent or guardian.

Upon demurrer, the indictment was quashed upon the ground, that the Act upon which it was founded had been repealed by the Act of 1882, chap. 112. Whether such was the effect of the latter Act, is the question now presented.

The Act of 1882, does not in terms repeal the Act of 1876; and therefore, if it so operates, does so by implication. The principles of implied repeal are well settled. "When there are two Acts on the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter Act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first." *United States vs. Tynen,* 11 *Wall.,* 92. This general rule is recognized in equivalent terms in *State vs. Northern Central Railway Co.,* 44 *Md.,* 131; *Appeal Tax Court vs. Western Maryland R. R. Co.,* 50 *Md.,* 296, and other Maryland cases.

The Act of 1876 was enacted when license to sell liquor prevailed in Anne Arundel County, and was intended as a restriction of the general right to dispose of that article, in the interest of the well being of persons under age, and for the better preservation of discipline among the students of St. John's College, and the midshipmen, seamen and employés connected with the Naval Academy or the Naval service. The right to procure spirituous liquors without restraint common to citizens generally, was as to these particular classes qualified by the condition in the case of minors, that no liquor should be furnished them except upon the written order or consent of the parent or guardian, and in the case of those connected as described with the College or Academy or Naval Service, upon the written order of a professor or commissioned officer, respectively.

It is plain that this statute was predicated upon the then existing condition of the law, and was aimed to prevent the pernicious effects which would result to the classes specified, unless they were denied the unlimited facility for procuring liquor enjoyed by the community at large.

The dangers to which they were exposed when the license system was prevailing, are now more effectually guarded against by the adoption of the Act of 1882, commonly called the "Local Option" law, which abolished the license system entirely, and made highly penal the selling of liquor, and the giving it away at his place of business, by any one to any person whomsoever; which general provision embraces in its operation all those exceptional classes enumerated in the Act of 1876, as fully as if they had been particularly designated. The penalties affixed to the violation of the Act of 1882, are also more severe than those imposed in the Act of 1876.

As the Act of 1882, effects a total change in the attitude of the State, and of the public towards the liquor traffic in Anne Arundel County, substituting the policy of suppression for that of license; it necessarily supersedes a previous statute providing only a partial or qualified prohibition to remedy the same evils, which it provides against by a general and absolute prohibition, and severe penalties. The Act of 1876, seeks to prevent the evils of free procurement of spirituous liquor by minors and the others it describes; but allows even them to be furnished it on the permission of certain officials; the Act of 1882, on the other hand, provides against those evils in its unqualified prohibition, affecting the whole community, in which are included those particular persons, and thus sweeps away the conditions upon which they could obtain liquor under the Act of 1876.

To show the repugnancy of the two Acts and that they cannot stand together: under an indictment upon the Act of 1876, for giving or selling liquor to a minor with-

out the written order or consent of his parent or guardian, a valid defence would be proof of such order or consent, and the party accused, notwithstanding proof of the act of gift or sale, would stand acquitted, in the face of the absolute prohibition of the Act of 1882, under which such a defence would be wholly nugatory; and the anomalous consequence would be, that, under the Act of 1876, designed to curtail or abridge to the classes specified therein the right or facility enjoyed by the public to obtain liquor, a minor now would have greater privileges and opportunities in this respect than an adult. The former could purchase liquor on an order; the latter could not purchase it at all. We think this demonstrates the inconsistency between the Acts under consideration.

In our opinion it satisfactorily appears that the special provisions of the Act of 1876, are superseded by the more comprehensive and stringent prohibition of the Act of 1882; an Act which in its general operation more effectually than the former subserves the purposes for which it was enacted.

*Judgment affirmed.*

(Decided 6th February, 1885.)