# THE MAYOR AND CITY COUNCIL OF BALTI-MORE, A CORPORATION, ET AL.,

*vs.*

## WALLACE G. DAVIS.

*Police*: *pay of sergeants in Baltimore City.  Chapter* 503 *and Chapter* 847 *of the Acts of* 1912.  *Statutes*: *repeal; by implication.*

Chapter 503 of the Acts of 1912, fixing at $30.00 the salary of police sergeants in Baltimore City detailed for clerical work at headquarters, was repealed by Chapter 847 of the same session of the Legislature, and which was subsequently approved, and which repealed and re-enacted Chapter 234 of the Acts of 1908, which provided that *each sergeant* should receive $22.00 per week.                     pp. 406-407

Where there are two acts for the same subject the rule is to give effect to both, if possible; but if they are repugnant in their provisions, the latter Act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first.                     p. 405

In general, the repeal of a former statute by a subsequent one is not favored by the courts, if by any reasonable construction the two acts can be made to stand together.                     p. 405

*Decided April 30th, 1913.*

Appeal from the Baltimore City Court (GORTER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field,* for the appellant.

*Peter J. Campbell* (with whom was *J. Cookman Boyd,* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The principal question involved in this appeal is, whether Chapter 503 of the Acts of 1912, which was approved April 8th, 1912, is repealed by Chapter 847 of the Acts of 1912, which was approved April 15th, 1912.

The prior Act directs the Police Commissioners of Baltimore City to pay sergeants, assigned by them to do clerical work at police headquarters, not exceeding eight, the sum of thirty dollars a week, instead of twenty-two dollars per week, the pay of sergeants provided for in section 745 of Article 4 of the Code of Public Local Laws.

The latter Act repeals, and re-enacts with amendments, section 745 of Article 4 of the Code of Public Local Laws. Its provisions cover the whole police force of the city; providing for the appointment of the members, their numbers and salaries. The provisions in regard to sergeants are as follows: "Said police force shall consist * * * of such number of sergeants as the Board of Police Commissioners in their judgment may deem necessary. * * * The members of the police force shall receive the following salaries, payable every two weeks * * * each sergeant twenty-two dollars per week."

This Act does not expressly repeal Chapter 503, but by the second section thereof provides, "that all laws and parts of laws inconsistent with this Act are hereby repealed, otherwise to remain in full force and effect."

The appellee, a sergeant assigned to do clerical work at headquarters, brought suit to recover from the city a balance he claimed was due him on account of salary. He claims that he was entitled to a weekly salary of thirty dollars, under Chapter 503, and that the City had paid him only twenty-two dollars under Chapter 847. The appellant asked the Court below to rule as a matter of law that Chapter 503 was repealed by Chapter 847. This the Court refused, and the judgment being against the City it brought this appeal.

The appellant's contention is that the two Acts are inconsistent, and that the latter repeals the former.

It is not open to question that courts will hold a law to be repealed by a subsequent law, without any express clause of repeal, where the two provisions are so repugnant that they can not stand together. If, however, they can stand together, there is no repeal by implication—*Webb* v. *Ridgely,* 38 Md. 364. And in *State* v. *Yewell,* 63 Md. 121, this Court quoted with approval from *United States* v. *Tynen,* 11 Wallace, 92: "When there are two Acts on the same subject, the rule is to give effect to both, if possible; but if the two are repugnant in any of their provisions, the latter Act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first."

It is equally well settled that repeal of a former by a subsequent statute is not favored by the courts, and if by a reasonable construction the two Acts can be made to stand together they will be harmonized. It is only when two Acts are repugnant and plainly inconsistent, that the later repeals the earlier. *Yunger* v. *State,* 78 Md. 575; *Mining Co.* v. *C. and P. R. R.,* 81 Md. 35; *Prince George's Co.* v. *Laurel,* 51 Md. 457; *School Com.* v. *Henkel,* 117 Md. 97.

Now let us look at the two Acts to determine whether their provisions are so repugnant and inconsistent that they can not be fairly harmonized. The Act dealing with the police force of Baltimore prior to the enactment of Chapter 847, Acts of 1912, was section 745 of Article 4 of the Code of Public Local Laws, and had been enacted by Chapter 234 of the Acts of 1908. So far as sergeants were concerned, this Act provided a salary for all sergeants of twenty-two dollars per week. By Chapter 503, Acts of 1912, a qualification was made, giving sergeants, detailed for clerical work to headquarters, a salary of thirty dollars. The effect of this Act was the same as an amendment to section 745. Subsequently Chapter 847 was approved, whereby Chapter 234, Acts of 1908, was repealed and re-enacted so that *"each sergeant"* was to receive twenty-two dollars per week. There was no provision whatever made for any sergeant detailed for clerical work.

We then have two Acts dealing with the same subject, the earlier providing thirty dollars per week for some sergeants, the later providing twenty-two dollars per week for all. Can we give full effect to each of these Acts so that each may stand? If we give full effect to Chapter 503, certain sergeants will receive thirty dollars a week; and if we give the same effect and operation to Chapter 847 each sergeant on the entire force, can receive but twenty-two dollars. Therefore, the only method by which they both can stand would be to say, that the prior Act limits the effect of the later, and thus permit Chapter 503 to stand at its full effect, and Chapter 847 to stand, except in so far as it is limited and modified by Chapter 503. In other words, we would be reading into the later Act an exception that was not there. If that had been the intention of the Legislature, they surely would have provided for sergeants doing clerical work, just as they did further on in Chapter 847 for patrolmen doing clerical work. We are therefore of the opinion that Chapter 503 is so repugnant and inconsistent with the provisions of Chapter

847, relating to sergeants, that the two can not stand together, and that therefore Chapter 503 must fall.

It was contended for the appellee that because Chapter 847 was a substantial re-enactment, so far as it related to sergeants, of the provisions of Chapter 234, Acts of 1908, the operation of the latter continued uninterruptedly. It is a fact that the one is almost the exact reproduction of the other, but the difficulty in applying that principle arises from the fact that the very provision which they endeavor to revive is omitted from the new law, and the old law was only re-enacted as it stood prior to the passage of Chapter 503. Therefore, if the old law allowed only twenty-two dollars a week, its exact re-enactment could not allow any more than originally.

Because we think there was error in refusing the prayer of the appellant in asking the Court to declare Chapter 503, Acts of 1912, repealed by Chapter 847, Acts of 1912, the judgment will be reversed without a new trial.

> *Judgment reversed without a new trial, with costs to appellant.*