(63 South. 866.)

No. 20,283.

STATE v. GEORGE.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION (§ 125*)—IN-DICTMENT—DUPLICITY.

Where an indictment follows the words of a statute, and charges one with illegally selling "spirituous or intoxicating" liquors, the use of the disjunctive "or" does not make the indictment bad for duplicity, as the lawmaking power has the right to make the sale of "spirituous" and "intoxicating" drinks one crime chargeable in one indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Sam George was convicted of unlawfully retailing spirituous or intoxicating liquors without a license, and appeals. Affirmed.

Stewart & Crane, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State.

BREAUX, C. J. An information was filed against the accused, in which he is charged with having unlawfully retailed spirituous or intoxicating liquors without previously obtaining a license.

Defendant filed a motion to quash, in which he alleged that the information was defective for uncertainty and duplicity, as it contained an alternative description of liquor.

The court overruled the motion for reasons averred in the bill of particulars.

A bill of objection was taken to the court's ruling.

The alternative description of liquor is the ground upon which defendant rests his defense.

The failure to charge the acts cumulatively, the contention is, renders the indictment defective.

There are decisions in other jurisdictions pertinent to the question of an alternative description of liquor; they are cited and commented upon by learned counsel for the accused, and, in a measure, sustain the contention. Under different laws and precedents, it may well be that the conclusion is entirely proper. Even with us, it might be different if this were the first time that the question is before this court for decision.

At the outset, before taking up the view taken in our jurisprudence, we will state that, according to some of the lexicographers, the difference in meaning between intoxicating and spirituous is slight. The latter is defined as containing intoxicating beverage as well as the former. It may not be quite as expressive as "intoxicants"; it none the less indicates in one sense a drink which, by excessive use, will intoxicate.

We take up for discussion, first, the function of "or" between the alleged two alternatives of the charge. "Or," referring to the words following it, does not connect a substitute to the phrase preceding, requiring that the one or the other should be used, but not both parts of the sentence as used in this instance. It is here used as a conjunction; it makes two words co-ordinate one to the other as equivalents.

In the concrete, one is generally considered as effective as the other in the popular language of those who indulge in strong drinks. It is the popular sense of the words. Words of a law are generally to be understood in their general and popular sense. C. C. 14, "General and Popular Use." C. C. 1946.

In one of Sedgwick's notes (2d Ed. p. 371), these words are convertible in meaning in a criminal statute.

Others have taken a different view.

The only purpose is to state that the interpretation is different in this state, and that the view is sustained by precedent.

Thus it has been held, where "or" is used as expressive of the whole meaning of the act charged, and not as expressive of an entirely different meaning, the information is not bad.

Thus charging that the defendant forged a check or bill of exchange, both meaning the same thing, and the latter intended as explaining, is not bad for duplicity. State v. Maas, 37 La. Ann. 292; Brown v. Com., 8 Mass. 59; 1 Bishop, Cr. Pr. § 590, old edition.

Bishop (edition of 1913) is cited by learned counsel as sustaining their view. In some respects it expresses a different view in the last edition of his work; it does not take from the force of the decisions and from the earlier decisions in which reference is made from the .text of Bishop.

The foregoing is the contemporaneous and long-continued interpretation. It is almost trite to quote the Latin maxim, "Contemporanea expositio est fortissima in lege."

In other jurisdictions it has been held directly that the word "or" for "and" is not fatal for uncertainty. Thomas v. Commonwealth, 90 Va. 92, 17 S. E. 789; Mitchell v. State, 141. Ala. 90, 37 South. 407; Cost v. State, 96 Ala. 60, 11 South. 435; 2 McLain's Criminal Law, § 1273.

Again we quote: "It is not error to charge the offense of selling spirituous liquors in the disjunctive instead of the conjunctive by using the word 'or' in lieu of 'and' in describing the various kinds of liquors and drinks charged to have been sold in the indictment." Cunningham v. Commonwealth, 5 W. Va. 508.

The defense was not embarrassed by uncertainty. Joyce on Indictment, § 259; State v. Van Doran, 109 N. C. 864, 14 S. E. 32.

Moreover, the information is written in the words of the statute; it furnishes every information necessary for the defense.

It is sufficient to follow the words of the statute. There are several decisions in which that view is expressed. State v. Benjamin, 7 La. Ann. 47.

In conclusion, the lawmaking power has the authority to make the sale of intoxicating and spirituous drinks one crime chargeable in one count. This it has done, and it devolves upon us to interpret the statute as written.

For reasons stated, the sentence and judgment are affirmed.