## O. F. HERMAN M. KOEHLER AND MATILDA KOEHLER,

### *vs.*

## STATE ROADS COMMISSION OF MARYLAND.

*Statutes: construction; repeals by implication not favored. Condemnation Law of 1914: no application to condemnation for highways.*

If two Acts can be fairly construed together, the later Act can not be held to repeal the former Act by implication. p. 449

The Acts of 1912 (Chapter 177) and 1914 (Chapter 463), repealing and amending the Condemnation Laws of the State, especially exempt from their operation the law relating to the opening, closing or widening of highways. p. 448

*Decided April 7th, 1915.*

Appeal from the Circuit Court for Baltimore County. (BURKE, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Osborne I. Yellott* and *J. LeRoy Hopkins,* for the appellants.

*T. Scott Offutt* (with whom was *Leon E. Greenbaum* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

These proceedings were instituted on the 25th day of August, 1914, by the State Roads Commission of Maryland for the condemnation of a small strip of land containing two and forty-four one hundredths (2.44) acres situate near the Belair Road, in Baltimore County, and owned by the defendants.

This strip of land was found to be necessary for the construction of a State road in Baltimore County which was being built from a point on the Belair Road at the village of Perry Hall to a point on the road at Kingsville, in Baltimore County, and which was then in progress of construction.

The application and condemnation proceedings were instituted under the provisions of Chapter 141 of the Acts of 1908, section 32B, page 247, providing for the establishment of a system of public roads and highways in Maryland, and for the appointment of a commission to be known as the State Roads Commission, with full powers to construct, improve and maintain public roads and highways in the several counties of the State, and also providing the ways and means for their construction, improvement and maintenance.

Section 32B of this Act specially provides that the Roads Commission may "adopt and employ such means, methods or system of road construction, improvement and development as may, in its judgment, be best calculated to promote the objects of this Act; condemn, lay out, open, establish, construct, extend, widen, straighten, grade and improve, in any manner, any main road, of the system, in any county of this State and establish or fix the width thereof; cause to be

prepared such surveys, plans, drawings or maps as it may deem proper in the course of its work; acquire for the State of Maryland, by agreement, gift, grant, purchase or condemnation proceedings as prescribed by section 251 to 256 inclusive, or by section 360 to 366 inclusive of Article 23 of the Code of 1904 of the Public General Laws, any private road or roads whatsoever, or private property or rights of drainage for public use, whether belonging to private individuals or to turnpike companies or other corporations, and including any avenues, roads, lanes or thoroughfares, rights or interests, franchises, privileges or easements, that may be, in its judgment, desirable or necessary to complete said system of roads or to carry out the purposes of this Act."

Upon the return of the sheriff of the inquisition of the sheriff's jury, condemning the property in question and assessing the damages to the owners of the property at the sum of $125, the defendants filed certain exceptions.

The objections presented by the exceptions were overruled by the Court below, and from an order finally ratifying and confirming the award of the jury this appeal has been taken.

The appellants contend that the proceedings in this case are null and void, because the Act of 1908, Chapter 141, known as the State Roads Act, in so far as it conferred power upon the State Roads Commissioners to condemn land and the procedure of condemnation there provided, had been repealed by Chapter 117 of the Acts of 1912 (p. 236) and by Chapter 463 of the Acts of 1914, before the institution of the proceedings in the case.

It is conceded by the appellants in their brief, that prior to the Acts of 1912, Chapter 117 (known as the New Condemnation Law of the State), the State Roads Commission could acquire property for State road purposes in any of the different ways and modes, as provided by the Code of Public General Laws of the State and the several Acts herein referred to. *Code,* Art. 23, secs. 269-274-399-405; *Code,*

Art. 91, secs. 33-82, sub-title "Public Roads"; Acts of 1908, Chapter 141; Acts of 1910, Chapter 501 (p. 311).

It will be seen, then, that the decision of the case turns solely upon the question whether the Act of 1912, Chapter 117, or the Act of 1914, Chapter 463, repeals the Act of 1908, Chapter 141, regulating the procedure in the condemnation of property by the State Roads Commission for State road purposes, and this will depend upon a consideration of the Acts that have given rise to this controversy.

The Act of 1912, Chapter 117, the one relied upon as a repeal of the former Acts, is entitled "An Act to add a new Article to the Code of Public General Laws of 1904, to be known as Article 33A, 'Eminent Domain—regulating the procedure for the acquisition of property for public use by condemnation,' and also providing that the proceedings therefor shall be before a jury in Court instead of before a sheriff's jury," and to read, as provided by the Act.

It is clear that the object of the Act of 1912 was to provide condemnation proceedings before a jury in Court instead of before a sheriff's jury, in all cases, except those otherwise stated by the Act itself. This is made plain and manifest not only by the title of the Act, but by section 7 of the Act, which is as follows: "The State, and any municipal or other corporation, commission, board, body or person, which under the laws of this State, has the right to acquire property by condemnation, shall acquire such property, if condemnation proceedings be resorted to, in pursuance of, and under the provisions of, this Article, anything in any other Public General Law or Public Local Law or private or special statute to the contrary notwithstanding; provided, however, that nothing in this Article contained shall apply to or change the present law or procedure for the opening, closing, widening or straightening of highways."

The proviso in the seventh section above cited specially provides that nothing in the Article should apply or change the present law or procedure for the opening, closing, widen-

ing or straightening of highways. It is difficult to under
stand how any serious contention can be made, in view of
this proviso, that the law and procedure, then in force (Acts
of 1908, Chapter 141, and Acts of 1910, Chap. 501), relat-
ing to highways, were in any way intended to be repealed or
to be affected by the Act which excepted them from its opera-
tion. The Acts of 1908 and 1910 both provide the method
and manner of acquiring property by condemnation for road
purposes, necessary to complete a general system of improved
State roads, and section 32B of the Acts of 1908, specially
provided the procedure by which land could be acquired by
the State for these roads.

The Act of 1910, Chapter 501, did not repeal the proced-
ure prescribed to acquire land by condemnation given th>
State Roads Commission by the Act of 1908, Chapter 117,
but was passed, as its title declares, to supplement the pow-
ers conferred by the previous Act, and also "for the purpose
of supplementing the powers of condemnation now conferred
upon the Commission."

The Act of 1912, Chapter 117, was subsequently repealed
and re-enacted, with amendments by Chapter 463 of the
Acts of 1914, and the identical proviso "that nothing in this
Article contained shall apply to or change the present law
or procedure for the opening, closing or widening of high-
ways, was retained and is contained in sub-section 15 of sec-
tion 1 of that Act.

The powers given and conferred by the Legislature upon
the State Roads Commission by the Acts of 1908 and 1910,
manifestly relate to the "procedure" provided for the pur-
pose of opening, closing, widening and straightening high-
ways, and this being so, the procedure provided by those Acts,
was not only not repealed by the Acts of 1912 and 1914, but
was by the provisos contained in them expressly excepted
from their operation.

In the recent case of *Pitsnogle* v. *W. Md. R'y Co.,* 123
Md. 670, we said, that Chapter 117 of the Acts of 1912, did

not in terms repeal any of the prior legislation upon condemnation except wherein the same may be inconsistent with the provisions of that Act. *Ridgely* v. *Baltimore City,* 119 Md. 567; *Pitsnogle* v. *W. Md. R. R. Co.,* 119 Md. 673.

In the present case, it is conceded there is no express repeal in terms of the prior legislation, but it is urged that the provision in section 7 of the Acts of 1910 and 1914, to the effect that "The State, and any municipal or other corporation, * * * shall acquire such property, * * * under this article," works a direct repeal by way of implication, and that it was the intention of the Legislature that all condemnation proceedings, road opening and all others, should be before a jury in Court instead of before a sheriff's jury. The plain answer to this contention is to be found in the provisos to the sections of the Acts herein set out, wherein it is distinctly provided that nothing in the Article shall apply to or change the present law or procedure, for opening, closing or widening highways.

Besides this, there is no such inconsistency between the provisions of these Acts, as to permit the application of the doctrine of repeal by implication.

It is well settled that if the two Acts can by a fair and reasonable construction stand together, there is no ground on which it can be held that the later Act operates as a repeal of the former Act.

It follows that as the Court below had jurisdiction of the subject-matter and there being no appeal to this Court, the appeal must be dismissed.

*Appeal dismissed, with costs.*