## BERNARD ULMAN ET AL.

### vs.

## STATE OF MARYLAND.

*Intoxicating Liquors—License Law—Effect of Federal Amendment—Implied Repeal of Statute.*

The State law requiring licenses for the sale of intoxicating liquors in Baltimore City, whether for beverage or non-beverage purposes, is not repealed, as to sales for non-beverage purposes, by the Eighteenth Amendment to the United States Constitution, and the Act of Congress known as the Volstead Act, prohibiting the sale of liquor for beverage purposes.    pp. 644, 646

If a statute is valid in all its parts at the time of enactment, but conditions subsequently arise which make enforcement of part of the statute impossible, the question becomes, not what the makers of the law would have done if they could have looked into the future, but whether the remaining part of the statute can be enforced without doing violence to the purpose of the whole Act.                                                                p. 645

Where there are two Acts on the same subject, effect is to be given to both, if possible, and if they are repugnant in any of their provisions, the latter Act operates to the extent of the repugnancy as a repeal of the first.                              p. 645

*Opinion delivered January 13th, 1921.*

Appeal from the Criminal Court of Baltimore City (GORTER, J.).

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William Curran* for the appellants.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the State.

Adkins, J., delivered the opinion of the court.

The appellants were indicted in Baltimore City for selling intoxicating liquor without a license. They demurred to this indictment, and the demurrer was overruled, whereupon they filed two special pleas, in which, respectively, they admit that on May 8th, 1920, they sold fifty pints of whisky to Lipman Kiewe, and fifty pints to Jacob Legum "for non-beverage purposes, to wit, for medicinal purposes"; that at the time of the said sale they were duly permitted and authorized by permit, issued by John F. Kramer, United States Commissioner of Prohibition, under the National Prohibition Act and Regulations issued thereunder, to sell intoxicating liquors for other than beverage purposes to others holding permits, which confer authority to purchase and use intoxicating liquors for non-beverage purposes; that the said Lipman Kiewe and Jacob Legum then and there held said permits; that the said defendants acted under such permits issued as aforesaid to them, and all provisions of the National Prohibition Act and Regulations issued thereunder were then and there strictly observed. To each of which pleas the State demurred, and the demurrers were sustained. This appeal is from the rulings of the trial Court on the respective demurrers.

It is unnecessay to set out the counts in the indictment, as the demurrer to the indictment is based, not on the form of the indictment, but on the general proposition that there is not now, and was not at the time of the alleged offenses, any enforceable law in Maryland prohibiting the sale of intoxicating liquor in Baltimore City without a state license. The contention of appellants is, not that the liquor laws applicable to Baltimore City were not valid at the time of their passage, or that they have been repealed either expressly or by implication by any later statute of this State; but that they have been abrogated or nullified by the Eighteenth Amendment to the Constitution of the United States and the Act of Congress known as the Volstead Act. If this is so,

it must be because the statute in question is repugnant in all
its parts to the said amendment and act of Congress, or at
least to such an extent that, when the repugnant provisions
are eliminated, the remaining parts of the act do not carry
out any of the purposes for which the law was enacted. It
certainly cannot be because of any exclusive jurisdiction as-
sumed by the Federal Government under the Amendment, for
the Amendment expressly provides for concurrent action.
For the purpose of this case it is not necessary to decide
whether the prohibition feature of the Maryland license law
would now be enforceable if the Eighteenth Amendment had
prohibited the sale of intoxicating liquor for every purpose.
In passing, however, it is to be noted that it has been held in
at least four states that a later local option law prohibiting
the sale of intoxicating liquor in one of the counties of a state
does not prevent prosecution for violation of an earlier law
prohibiting sale without license. *Com.* v. *Barbour,* 121 Ky.
463; *State* v. *Smiley,* 101 N. C. 709; *Webster* v. *Com.,* 89
Va. 154; *State* v. *Swanson,* 85 Minn. 112. See also 23 *Cyc.*
p. 120.

We have here to deal with the Federal Constitution and
an Act of Congress which permit the sale of intoxicating
liquors for *non-beverage* purposes, and a state law which
prohibits the sale of such liquors without a license for *any*
purpose. Certainly there is no conflict so far as the state law
applies to sales for non-beverage purposes. Because it per-
mitted the license of sales for beverage purposes also, when
such sales were not prohibited by the Federal Constitution,
and because such licenses can no longer be issued, it does not
follow that the whole law has been abrogated. On the con-
trary, it is not unreasonable to suppose the Legislature would
have enacted laws regulating the liquor business and provid-
ing for a revenue from such sales as would have been per-
missible if the Eighteenth Amendment had then been in
force. One of the ways of exercising control over the busi-
ness by the state, and preventing clandestine and illegal sales,

would be to enforce the prohibition feature of the existing
license laws, the effect of which would be to punish everyone
selling without a license whether for beverage or non-beverage
purposes. The inhibition being against *any sale* without a
license, *all sales* are covered, both those permitted and those
prohibited by the Eighteenth Amendment. But even if it
were probable that the Legislature of Maryland would not
have enacted the existing liquor-license laws or any part of
them if it could have foreseen the adoption of the Eighteenth
Amendment, that could not be taken into consideration in
determining the question now before us. Doubtless many
statutes would not be enacted if happenings of the future
could be foreseen.

The legislative intent, which is important in reference to
the dependence of the validity of one part of a statute upon
the validity of another part, relates to conditions as they exist
at the time of the passage of the statute, and not to those
brought about by subsequent events. If a statute is valid in
all its parts at the time of enactment, then if conditions sub-
sequently arise which make enforcement of part of the statute
impossible, the question becomes, not what the men who made
the law would have done if they could have looked into the
future, but whether the remaining part of the statute can
be enforced without doing violence to the purpose of the
whole act; in other words, whether any part of the purpose
of the act can be subserved by the enforcement of such part
of the statute as has not been nullified. *Com.* v. *Nickerson,*
(Mass.), 128 N. E. Rep. 273.

On the question of repeal by implication, the case of *State
v. Yewell,* 63 Md. 120, cited by appellants, does not support
their contention. On the contrary, the rule there announced
is that, where there are two acts on the same subject, effect
is to be given to both if possible, and if they are repugnant
in any of their provisions, the latter act operates *to the extent
of the repugnancy* as a repeal of the first. That principle is
recognized everywhere. *Appeal Tax Ct.* v. *West. Md. R. Co.,*

50 Md. at 296; *Smith* v. *School Commissioners,* 81 Md. at 516; *Flood* v. *State,* 103 Md. 692; *Henderson's Tobacco,* 11 Wall. 652; *State* v. *Tynen,* 11 Wall. 88.

Appellants cite a number of cases in support of the proposition that the adoption of state constitutional prohibition operates as a repeal of all license laws, and that no prosecution can lie thereafter for the violation of the license law. The most that can be said for that is there are decisions both ways. Certainly the case of *State* v. *Yewell,* 63 Md., *supra,* cited in this connection, does not support that proposition, and a number of other cases are based on conditions that do not exist in the case at bar. See *Prohibition Amendment Cases,* 24 Kansas, 700. But, whatever may be the weight of authority on that proposition, it is entirely different from the one here under consideration. In the one class of cases it is a question of state policy alone, and the conflicting statutory and constitutional provisions are those of the same state; and the question of a change of state policy may easily be involved. In the case at bar a very different question is presented. Here there is no question of repeal by implication; or of the establishment of a new system or policy by the state. But the sole question is: Is there anything in the Eighteenth Amendment or the Volstead Act to which the provisions of the Liquor License Law for Baltimore City, for the violation of which appellants were indicted, are repugnant? *Com.* v. *Nickerson, supra.* We hold that the law in question has not been abrogated so far as it prohibits in Baltimore City the sale of intoxicating liquor without a license, regardless of the purpose for which the liquor is sold.

For the reasons above given, the judgment of the Criminal Court of Baltimore City in this case was affirmed by a *per curiam* order filed on the second day of December, 1920.