CLIFTON THOMAS *v*. STATE OF MARYLAND
[No. 17, January Term, 1938.]

*Decided February 9th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Wesley E. Thawley,* for the appellant.

*Hilary W. Gans, Deputy Attorney General,* with whom were *Herbert R. O'Conor, Attorney General,* and *Layman J. Reddy, State's Attorney for Caroline County,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

The appellant in this case was indicted by the grand jury of Caroline County for the sale of one pint of

"intoxicating liquors" at that county. His demurrer to the indictment was overruled, he pleaded not guilty, he was tried and convicted by a jury, and was sentenced to the Maryland House of Correction for a term of six months. This appeal is from that judgment.

The single question submitted is whether the indictment is good. It is attacked on two grounds; one, that it is based on a local statute which was repealed by a general statute, and, two, that it is duplicitous.

The objection that the local statute on which the indictment rests was repealed by a general statute will be considered first:

Code Pub. Loc. Laws, art. 6, sec. 369, is a codification of a part of the Acts of 1910, ch. 34 (p. 679). Code Pub. Gen. Laws (Supp. 1935) art. 2B, is a codification of chapter 2, Acts of 1933, Ex. Sess. The one is a local law designed to prohibit the sale of intoxicating liquors for beverage purposes, under any circumstances, in Caroline County. The other is a regulatory law the purpose of which is to permit, but to regulate, the sale of or traffic in such liquors in those parts of the state to which its provisions apply.

Code (Supp. 1935, art. 2B) is a public general law, but it provides no general system of regulating the liquor traffic uniform throughout the state. On the contrary, its manifest and controlling purpose and intent is, in accordance with the long-established policy of the State, to secure to each of its political subdivisions the option of deciding whether it will permit and regulate or prohibit traffic in liquor therein. Accordingly, while some of its provisions apply to all such subdivisions, they are consistent with either prohibition or with regulation. Others apply to some subdivisions but have no application to others.

It provides for five different kinds of genera of licenses and eighteen subclassifications, Section 3. Of those classifications, either by reason of express exemption, or because of the nature of the license, only one, a wholesaler's license, may be issued for the sale of intoxicating

liquor in Caroline County, except on railroads, trains, or steamboats, and, by the express terms of the statute, the holder of such a license is prohibited from selling such liquors to any person in Caroline County other than another license holder. *Id.* sec. 3, subsec. 2.

Chapter 2, Acts 1933, Ex. Sess., expressly repeals certain public general laws, naming them, and certain public local laws, naming them, but does not repeal any public local law of Caroline County, except in so far as that result may be accomplished by the following omnibus clause: "and all other laws or parts of laws, whether general or local, inconsistent with the provisions of this Act, be, and the same are hereby repealed." Section 2. That act was approved and became effective on December 5th, 1933.

By chapter 523, Acts of 1933, which became a law on April 5th, 1933, twelve new sections were added to the public local laws of Caroline County (Pub. Loc. Laws 1930, art. 6, sec. 375 *et seq.*) the effect of which was to authorize the issuance of licenses for the sale in that county of lager beer, ale, and porter containing not more than 3.2 per cent. of alcohol by weight, if, but only if, a majority of the votes cast at the "next special or general election" held in Caroline County were in favor of the law. That act was approved at an election held on September 12th, 1933. Certain provisions of that act were amended by chapter 68 of the extraordinary session of the Legislature of 1933, which was approved on December 15th, 1933.

The contention of the appellant is that chapter 2, Acts 1933, Ex. Session., is wholly inconsistent with the provisions of Code Pub. Loc. Laws, art. 6, sec. 369, and effected a complete repeal of that statute. The contention of the State, on the other hand, is that it had no such effect.

In support of his contention the appellant relies mainly on the decision in *Green v. State,* 170 Md. 134, 183 A. 526, 529. But that case is not controlling, because the issue there and the issue here are essentially different.

In that case Green had been indicted for the sale of an alcoholic beverage in violation of the provisions of Code Pub. Loc. Laws, art. 10, sec. 367, which were in substance the same as those of Code Pub. Loc. Laws, art. 6, sec. 369. The defense there, as here, was that the statute had been repealed by chapter 2, Ex. Sess., 1933. But there is this difference between the two cases, in this case chapter 2, Ex. Sess. 1933, does not permit the sale of any intoxicating beverage in Caroline County for consumption in Caroline County, but it does permit the sale of such beverages in Dorchester County for consumption in that county. That is to say, the only license which may be issued under chapter 2, Acts 1933, Ex. Sess., for the sale of such beverages in Caroline County, is a wholesaler's license, under which the licensee may sell only to another license holder, but under chapter 2, Acts 1933, Ex. Sess., manufacturer's licenses, licenses for the sale of beer, Class A, Class B, and Class C, and wholesalers' licenses, may be issued in Dorchester County for the manufacture or sale of such beverages there. The manifest intent and purpose of section 367 of the Local Law of Dorchester County was to prevent local traffic in any and every kind of intoxicating liquor in that county for beverage purposes. Other sections of such laws, however, permitted the purchase for delivery in the county of such liquors for medicinal and sacramental purposes (Code Pub. Loc. Laws, art. 10, sec. 373), and it permitted under certain conditions the importation into the county of such beverages in limited quantities for the personal use of the importer (*Id.* sec. 370), and in those respects the local laws of Caroline County were the same as those of Dorchester County. Code Pub. Loc. Laws, art. 6, secs. 370, 373. The supposed evil at which they were aimed was the local distribution of intoxicating liquors, not the complete prevention of their use for medicinal, sacramental, or even beverage purposes. Now as pointed out in *Green v. State, supra,* chapter 2 of the Acts of 1933 Ex. Sess., was in irreconcilable conflict with that purpose, for it permitted the very thing which the

local law was intended to prevent, local traffic in intoxicating liquor, not in any kind of intoxicating liquor but only in certain kinds, but nevertheless in intoxicating liquor. It necessarily, therefore, repealed the local law, which prohibited such traffic in any kind of intoxicating liquor.

But the same thing is not true of the effect of chapter 2 of the Extraordinary Session of the Legislature of 1933 on traffic in intoxicating liquor in Caroline County, for under its terms no license can be issued for the local distribution of intoxicating liquors of any kind in that county. So that the question comes finally to this, Is the fact that under the General Law a license may issue authorizing the licensee to deliver such liquors only to another license holder, and which fails to provide for the issuance of any other kind of license for the sale of such liquor in that county, so inconsistent with the provisions of the local liquor law of Caroline County that they cannot both stand?

As Judge Sloan said for this court in *Green v. State, supra*: "It has been frequently said in this court and elsewhere that repeals by implication are not favored and will not be so held unless there is some express reference to the previous statute, or unless there is a manifest inconsistency in the two, or their provisions are so repugnant that they cannot stand together. *Mayor etc. of Cumberland v. Magruder*, 34 Md. 381, 389; *Garitee v. Baltimore*, 53 Md. 422, 435; *Smith v. School Commrs. of Dorchester County*, 81 Md. 513, 32 A. 193; *Frostburg Mining Co. v. C. & P. R. Co.*, 81 Md. 28, 29, 31 A. 698; *State v. Yewell*, 63 Md. 120; *State v. Northern Cent. Ry. Co.*, 90 Md. 447, 45 A. 465; *Baltimore City v. Davis*, 120 Md. 403, 87 A. 690; *Redmond v. State*, 155 Md. 13, 141 A. 383; 59 *C. J.* 910, secs. 514, 519." And as said in that case too, while chapter 2 of the Acts of 1933, Ex. Sess., is a public general law, its operation is not uniform throughout the state, a fact which is apparent from its text. It is not therefore a law which provides, as a substitute for a number of statutes relating to one general

subject but varying in treatment of it, a single uniform plan or scheme of treatment operating uniformly everywhere within the territory to which it applies, such as Code, art. 33A, construed in *Koehler v. State Roads Commn.*, 125 Md. 444, 94 A. 16; *Ridgely v. Baltimore City*, 119 Md. 567, 87 A. 909; *Pitznogle v. Western Maryland Rwy.*, 119 Md. 673, 87 A. 917.

It may be conceded that the general law is inconsistent with so much of the local law of Caroline County as makes it unlawful for any person to sell any kind of intoxicating liquors in that county under any circumstances, because the general law permits a wholesaler to sell such liquor to another wholesaler in or beyond that county, or to the holder of some other kind of license beyond that county, but the two are not so inconsistent that they cannot stand together. The same law which contains that prohibition in the local law, in different sections, contains these exceptions, that such liquor may be sold for medicinal purposes "in compliance with existing laws" by druggists, used for sacramental purposes by churches, and imported in limited quantities for any purpose by individuals. These exceptions are in conflict with the broad terms of section 369, but the Legislature must have assumed that they were not repugnant thereto nor inconsistent therewith, for, after the passage of chapter 2 of the Extraordinary Session of 1933, it, by chapter 68, amended chapter 523 of the Acts of 1933, which provides for the issuance of licenses for the sale of beer, ale, and porter in that county. That would seem to indicate a legislative intent that chapter 2 should not necessarily operate uniformly throughout the State, for the sale of beer in Caroline County can only be licensed under chapter 68, Acts of 1933, Ex. Sess., and chapter 523 of the Acts of 1933, and not under chapter 2, Acts 1933, Ex. Sess. Chapter 2, Acts 1933, Ex. Sess., is not therefore inconsistent with, but complementary to, Code Pub. Loc. Laws art. 6, sec. 369, and the latter act is, except in so far as it prohibits the issuance of a wholesaler's license in Caroline County, or is inconsistent with

chapter 523, Acts 1933, and chapter 68, Acts 1933, Ex. Sess., in full force and effect.

Repeal by implication is not favored, and is carried no farther than is required to gratify the legislative intent manifested in the later act. 25 *R. C. L. "Statutes,"* sec. 25; 59 *C. J.* 1917; *Ulman v. State,* 137 Md. 642, 645, 113 A. 124. In *Ulman v. State,* 137 Md. 642, 645, 113 A. 124, 126, the court, dealing with the effect of a federal statute upon the public local laws of Baltimore City which prohibited the sale of intoxicating liquors without a license, said: "On the question of repeal by implication the case of *State v. Yewell,* 63 Md. 120, cited by appellants, does not support their contention. On the contrary, the rule there announced is that where there are two acts on the same subject, effect is to be given to both if possible, and if they are repugnant in any of their provisions, the latter act operates to the extent of the repugnancy as a repeal of the first. That principle is recognized everywhere. *Appeal Tax Court v. Western Md. R. Co.,* 50 Md., at page 296; *Smith v. School Commissioners,* 81 Md., at page 516, 32 A. 193; *Flood v. State,* 103 Md. 692, 63 A. 684; *Hendersons Tobacco,* 11 Wall. 652, 20 L. Ed. 235; *United States v. Tynen,* 11 Wall. 88, 20 L. Ed. 153."

The same thing is stated in 59 *C. J.* 916, in these words: "Where there is sufficient repugnancy or inconsistency between two statutes, or parts of two statutes, to effect a repeal by implication, the earlier statute is impliedly repealed to, and only to, the extent of the conflict, repugnancy or inconsistency." To the same effect is this statement in 25 *R. C. L.* 916: "A repeal resulting from irreconcilable inconsistency and repugnancy between two acts is measured by the extent of the conflict or inconsistency, and if any part of the earlier act can stand as not suspended or affected by the later act, it is not repealed."

Tested by these principles, it cannot be said that these two statutes are so utterly and completely irreconcilable that both cannot stand. Obviously so much of the local law as prohibits the sale in Caroline County of intoxi-

cating liquors by a wholesaler to another license holder was repealed by the general law, but so much of it as prohibits the sale of such liquor in said county other than as allowed by chapter 523, Acts 1933, and Chapter 68, Acts 1933, Ex. Sess., by any person not holding a wholesaler's license under any circumstances is not affected.

Considering next the objection that the indictment is duplicitous, it appears that it charges that the appellant "on the eighteenth day of September in the year of our Lord nineteen hundred and thirty seven, at the county aforesaid unlawfully did sell certain spiritous, vinous, malt or fermented or other intoxicating liquors, to wit: one pint of spirituous, vinous, malt or fermented or other intoxicating liquors to a certain Harvey R. Baker, contrary to the form of the Act of Assembly, in such case made and provided, and against the peace, government and dignity of the State."

It may be noted, that while it charges the defendant with selling "certain spirituous, vinous, malt or fermented or other intoxicating liquors," it fails to specify which of those several kinds of liquor he sold. The statute, section 369 of article 6 of the Code of Public Local Laws of Maryland, makes it unlawful for "any person * * * to sell * * * within Caroline County, any spirituous, vinous, malt or fermented or other intoxicating liquors." The defendant contends that under that statute the sale of any one of the several knds of liquor mentioned is a separate offense, and that since the indictment, following the statute, charges in effect that the defendant sold one kind or another kind, without charging either that he sold all of the several kinds named in the statute, or that he sold some one particular kind of liquor described therein, that it lacks certainty, and is bad for that reason.

The clear weight of authority supports that contention. (*Wharton, Crim. Proc.*, sec. 761; *Joyce on Indictments*, sec. 465; *Bishop on Crim. Proc.*, sec 436; *Woolen & Thornton on Intoxicating Liquors*, sec. 852; *Bishop on Stat. Crimes*, sec. 244; *Stearns v. State*, 81 Md. 341, 345,

32 A. 282), but appellee contends that since *Howes v. State,* 141 Md. 532, 119 A. 297, 302, the law in this state has been otherwise. The question considered in that case was, however, not the precise question presented here. The issue there was whether the indictment was defective because it failed to negative an exception in a criminal statute. There the indictment charged that the defendant had sold "intoxicating liquors" without specifying the kind of intoxicating liquors sold, whereas the statute excepted cider from its scope. In dealing with that question the court held that it was unnecessary to negative the sale of cider because the defendant could have demanded a bill of particulars under Code, art. 27, sec. 561, which it appeared to have regarded as a sufficient protection against surprise or double jeopardy. It referred to Kiefer's Case, (*Kiefer v. State,* 87 Md. 562, 40 A. 377, 378), where the indictment was in the same form but where the objection was that it was bad for uncertainty. It was held there that "Whether or not that of itself, without the aid of the statute above quoted, would be sufficient, need not be determined, as it gives the accused the right to obtain before trial a statement of the particular variety of liquor expected to be proven. He is thus informed of the kind of intoxicating liquor he is charged with furnishing." It is apparent that there is this distinction between those cases and this, that there the supposed vice of the indictment was uncertainty, whereas here it is duplicity, but that there, as here, the charge was in the words of the statute, and that the objection there was that the indictment failed to allege what kind of intoxicating liquor defendant sold, while here it fails to state which of several kinds of intoxicating liquor he sold, although it charges that he did sell one of several kinds. The statute in each of those cases prohibited the sale of "intoxicating liquors," and by the general weight of authority, where that is so, a charge that the defendant sold "intoxicating liquors" is enough (33 *C. J.* 722), and it is to such a case that Code, art. 27, sec. 561, which provides that: "In any indict-

ment for the unlawful sale or disposition of spirituous or fermented liquors or lager beer, it shall not be necessary to specify the particular variety, provided the indictment sets forth an unlawful sale or disposition of intoxicating liquor, but the defendant, on application to the State's attorney before trial, may obtain a statement of the particular variety of liquor expected to be proved," is peculiarly applicable.

But where the statute makes the sale of any one of several enumerated kinds of liquor an offense, separating the descriptions by the disjunctive "or," and the indictment charges the sale of the several kinds of liquor enumerated in the statute, separating the descriptions by the disjunctive "or," a different question is presented. Such an indictment either charges that the defendant committed several different offenses, or that he may have committed any one of several offenses, without charging which of them he did commit. As indicated above, such an indictment is, by the weight of authority, defective. For, as pointed out in *Woolen & Thornton on Intoxicating Liquors,* sec. 852, "an indictment charging a sale of 'beer or wine', although it follows the language of the statute, would be bad for uncertainty, because the accused would not know whether he was to meet evidence showing a sale of beer or of wine." And to the same effect is 15 R. C. L. 390, where it is said: "As a general rule, the use of the disjunctive 'or' in charging the kind of beverage sold is held objectionable upon the ground that it renders the indictment uncertain. This is particularly true where the beverages named are of distinct kinds as 'whisky or brandy', 'beer or ale', 'spirituous, malt, or other intoxicating liquor', 'wines, spirituous liquor or other intoxicating beverage', and the like, although there is some authority of a contrary import." *Comm. v. Grey,* 2 Gray, Mass. 501; 33 C. J. 722; *People v. McBride,* 234 Ill. 146, 84 N. E. 865; *State v. George* 134 La. 177, 63 So. 866.

That rule applies with peculiar force to the indictment in this case, which charged that defendant sold "a spirit-

uous, vinous, malt or fermented or other intoxicating liquors." But chapter 523 of the Acts of 1933, approved at an election held on September 12th, 1933, permitted one licensed under its provisions to sell in that county "beer, lager beer, ale and porter" containing not more than 3.2 per cent of alcohol by weight, for consumption off the premises, and, as amended by chapter 68, Acts Ex. Sess. 1933, in certain cases for consumption on the premises.

So that the indictment charged the defendant in the alternative with acts which may or may not have been unlawful, and with acts which were definitely unlawful, without stating any fact or circumstance sufficient to enable the court or the defendant to determine whether the acts which may or may not have been unlawful did in fact constitute criminal offenses.

The right conferred by Code, art. 27, sec. 561, to demand a bill of particulars, could not cure such a defect (31 *C. J.* 752), for, as said in *Howes v. State, supra,* a "bill of particulars does not ordinarily cure a defect in an indictment, because it is no part of the pleadings." And, while the court in that case referred to that statute in dealing with a demurrer to an indictment, it did so only to point out that the defendant was not injured by the failure of the indictment to describe the particular kind of liquor sold, because under the statute the State was bound to give him that information upon demand. So that, while that case might be authority for the proposition that, if the indictment here had charged the defendant merely with the sale of "intoxicating liquors," without describing the kind, and without setting forth any exceptions, it would have been good because under the statute the State was required on demand to describe the kind of intoxicating liquor it intended to prove, it could not be authority for the proposition that the right to a bill of particulars would cure the duplicity in an indictment which charged the defendant with some acts disjunctively, any one of which constituted a crime, and with other acts which may or may not have constituted

crimes. In other words, "a bill of particulars is not designed to uphold an insufficient indictment, but only to be used where the indictment is sufficient upon demurrer. It cannot change the offense charged nor in any way aid an indictment fundamentally bad, although it may remove an objection on the ground of uncertainty." 31 *C. J.* 753.

The demurrer to the indictment should therefore have been sustained.

It follows that the judgment must be reversed.

*Judgment reversed.*

BOND, C. J., dissents.