RALPH S. FOWLER ET AL. *v.* JOSEPH R. HARRIS
SAME *v.* RICHARD J. DIETLE ET AL.
[Nos. 11, 12, April Term, 1938.]

*Decided April 27th, 1938.*

The causes were argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Kenneth Lyddane* and *Ralph S. Fowler,* for the appellants.

*Joseph C. Cissell,* with whom was *Frank B. Proctor* on the brief, for the appellees.

SHEHAN, J., delivered the opinion of the Court.

At the Extraordinary Session of the Legislature of Maryland, 1933, the Liquor Control Board of Montgomery County was created, under chapter 2, section 48A. The general purpose of this act was to establish and to authorize the operation of a county dispensary for alcoholic beverages in several counties of the state, including Montgomery county. There was conferred upon this board extensive powers and duties, and among these was the authority "to sell and deliver all alcoholic beverages in sealed packages or containers at such prices as may be determined by the Liquor Control Board, to all licensed dealers in Montgomery County who are

authorized to resell such beverages, and also to sell all alcoholic beverages for shipment or delivery outside the State of Maryland."

The authority of the Liquor License Control Board to establish prices was general and unrestricted and within the discretion of the board. This provision of the law stood until the Acts of 1937, chapter 476, which, in part, provides: "In Montgomery County the holders of beer licenses Classes A, B, and C, and beer and light wine licenses Classes A, B, C and D, shall not be authorized to sell any alcoholic beverages, except those purchased from the Board of Liquor Control for Montgomery County, as hereinafter provided; and be it further provided that the price paid by such dealers in Montgomery County and charged by said Board of Liquor Control for Montgomery County shall in no event exceed the sum of five (.05) cents on each case of beer so sold, over and above the price paid by said Board of Liquor Control for Montgomery County to the wholesaler or distributor of such beer, and on each barrel of beer shall not exceed the sum of fifty (.50) cents on each barrel so sold or purchased, it being the intent and purpose of this Act to restrict the profit or handling charge by said Liquor Control Board for Montgomery County to not more than five (.05) cents on each case of beer and (.50) cents on each barrel of beer purchased from or through said Board of licensed dealers in Montgomery County."

The conflict of these two enactments is immediately apparent. The intention of the Legislature is manifest. The later act, mandatory in its terms, was intended to replace the discretionary powers of the board, and to definitely establish prices for beer to be charged by the Liquor License Control Board. Under the terms of the later act, it could not charge more than the cost of the beer, plus five cents per case, and an added fifty cents to the cost of beer per barrel. In so far as these two acts are repugnant to, or in conflict with, each other, the provisions of the later act must and do prevail. This

is in conformity with a cardinal rule of construction of statutes dealing with the same subject matter.

The Liquor License Control Board, nevertheless, undertook to establish and charge prices for beer contrary to the provisions of the Act of 1937, by adding ten cents per case and one dollar per barrel to the cost price of beer purchased by it for sale to those holding licenses to sell beer in that county. To restrain this action on the part of the board of control, bills in equity were filed by the appellees in the two cases at bar. The same questions are presented in both suits and are disposed of in this opinion. The demurrers to the bills of complaint were overruled, and, upon the failure of the appellants to further proceed, decrees were passed directing the injunctions to be issued as prayed, and from these decrees the appeals here are taken.

It is clear that the discretion reposed in the board under the provisions of section 48A, Acts of 1933, Ex. Sess., ch. 2, to determine the price at which alcoholic beverages should be sold, was repealed or modified in so far as this authority is inconsistent with or repugnant to the Act of 1937, ch. 476, and withdraws from the discretion of the board the naming of the prices to be charged and, by the terms of the act, provides what those charges shall be, and the board had no authority to establish a price or prices contrary to that specifically provided by the later act.

To the contention that there is not an implied repeal of the Act of 1933, we can not subscribe. The Acts of 1933 and 1937 not only deal with the same general subject, but specifically relate to the same subject matter, namely, the prices to be charged for beer to certain licensees in Montgomery County. The implied repeal of the former Act of Assembly by the latter is clear and effective. *State v. Yawell*, 63 Md. 120. In *Ulman v. State*, 137 Md. 642, 645, 113 A. 124, 126, the rule was stated to be: "Where there are two acts on the same subject, effect is to be given to both if possible, and if they are repugnant in any of their provisions, the latter

act operates to the extent of the repugnancy as a repeal of the first. That principle is recognized everywhere. *Appeal Tax Court v. Western Maryland R. Co.*, 50 Md. 274, at page 296; *Smith v. School Commissioners*, 81 Md. 513, at page 516, 32 A. 193; *Flood v. State*, 103 Md. 692, 63 A. 684; *Henderson's Tobacco*, 11 Wall. 652, 20 L. Ed. 235; *United States v. Tynen*, 11 Wall. 88, 20 L. Ed. 153."

The contention that the Act of 1937, ch. 476, contravenes the Fourteenth Amendment to the Federal Constitution has in it no force, as applied to this case. This amendment forbids the depriving of any person of life, liberty, or property without due process of law. It is clear that the provision of this act is not in conflict with this constitutional prohibition. The statute is merely regulatory of the liquor traffic and is, in its essentials, a police regulation of a trade or occupation in which there is a public interest and to which attaches legislative authority and control.

The Liquor Control Board is a governmental agency, having as its design the supervision and control of the dispensing of intoxicating liquors, a business over which states, through their agencies, have long exercised supervision and control. The liquor dispensary here created is in no sense a private business or enterprise or property, as contemplated by the Constitution. The control, through regulatory agencies and processes, of the traffic in or dispensing of alcoholic beverages has always been a subject in which the public is deemed to have an interest, and a rightful purpose in regulating. There is no force in the contention that this act deprives any person of his property, life, or liberty.

The appellants contend that the title of the Act of 1937, ch. 476, does not satisfy the requirements of section 29, article 3, of the Maryland Constitution, which provides that, "Every law enacted by the General Assembly [of Maryland] shall embrace but one subject, and that shall be described in its title." In the recent case of *Campbell v. Campbell*, 174 Md. 229, 198 A. 414, Judge

Urner has reviewed this subject and collected many authorities dealing with this question. The numerous cases there cited need not here be referred to at length. The title to this act not only describes the act by reference to the article and section of the Code in which it is incorporated, which is sufficient to satisfy the constitutional requirement (*Campbell v. Campbell, supra*), but the title also describes, in terms and in definite language, the design and purpose of the act.

There has been no motion to dismiss the appeal in this case on the ground of lack of interest in the appellant board to appeal, or otherwise, and the court has deemed it desirable to construe the statute; it, therefore, passes any question of the right of appeal without discussion.

The chancellor did not commit error in overruling the demurrers to the bills of complaint and granting the relief prayed.

*Decrees in both cases affirmed, with costs to the appellees.*