# WILLIAM WAGNER

*vs.*

# THE JAMES A. BEALMEAR & SON COMPANY.

*Condemnation Proceedings—Abandonment by City—Evidence—Contract of Sale.*

The vendee under a contract of sale has a right to demand a title which will enable him not only to hold the land but to hold it in peace and, if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value.                                               p. 692

No title passes in condemnation proceedings until the damages fixed for the taking have been paid or tendered.      p. 692

The abandonment of a right of way condemned for public use may be brought about by an explicit renunciation of the purpose to give effect to the condemnation, which, in the case of a municipality, would be by a repeal of the ordinance under which the proceeding was instituted; or such an abandonment may be deduced from acts *in pais,* and whether those acts constitute sufficient evidence of an intention on the part of the condemning corporation to abandon the proceeding is a question of fact for the jury.                                          p. 694

Where, under a city ordinance providing for the opening of a street, condemnation proceedings were instituted and awards of damages made, but nothing was paid by the city, although not financially embarrassed, and three and a half years elapsed without further action by the city, during which time all land in the city increased greatly in value, *held* that the condemnation proceeding was to be regarded as abandoned.      pp. 694, 695

In a suit for the specific performance of a contract for the sale of land, it being to the advantage of both parties to the suit to have an adjudication by the Court of Appeals as to

whether the vendor had a merchantable title, *held* that, a decision adverse to the sufficiency of the title having been reversed on appeal, the costs of appeal should be paid one-half by each party.                                                    p. 695


*Decided January 16th, 1920.*


Appeal from the Circuit Court of Baltimore City (GORTER, J.).


The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.


*John Holt Richardson* and *George Washington Williams,* for the appellant, submitted the cause on brief.


*Edward M. Hammond,* for the appellee.


STOCKBRIDGE, J., delivered the opinion of the Court.

William Wagner filed the bill of complaint in this case against the James A. Bealmear & Son Co., a body corporate, for the specific performance of a contract of sale of eleven houses on the Philadelphia road in fee, and one house on Streeper street, leasehold, as enumerated in the receipt given by Mr. Wagner to the defendant on the 25th of August, 1919.

To the bill so filed the defendant demurred, and the ground of the demurrer seems to have been the claim on the part of the defendant company that Mr. Wagner could not give a merchantable title to the property.

There is apparently no disagreement between the solicitors of the respective parties upon any question of fact, save possibly one, and that is a mixed question of law and fact.

From the undisputed statements of counsel there was passed, in June, 1914, an ordinance of the Mayor and City

Council of Baltimore for the opening of Potomac street, from Fayette street to Philadelphia avenue, and upon a portion of the bed of that street the plaintiff had erected a number of dwellings, five of which out of the total number of eleven were within the line of the proposed street, as was also the leasehold lot of ground before mentioned.

This condemnation proceeding was advanced in the regular routine of such proceedings up to the point of the final award made by the Commissioners for Opening Streets, and in the case of the awards for two lots an appeal was taken from the award to the Baltimore City Court, which terminated in 1915. Nothing was thereafter done by the Mayor and City Council of Baltimore toward the consummation of the proceedings, but they have been allowed to lie dormant until the present time.

In the view of the appellee the condemnation begun constitutes such an encumbrance upon the title to the lots in question as to render the title to these houses unmerchantable.

In the case of *Gill v. Wells,* 59 Md. 492, while that was not a condemnation case, but came up to this Court upon a bill for specific performance of a contract for sale, it was held that the vendee of a piece of property is not bound to take an estate fettered by encumbrances by which he may be subjected to litigation to procure a title; that the vendee has a right to demand and to have a title which shall enable him, not only to hold his land but to hold it in peace, and if he wishes to sell it to be reasonably sure that no flaw or doubt will come up to disturb its marketable value. The rule so laid down has been since affirmed in the *Sharp Street Station v. Rother,* 83 Md. 289, and *Abell Company v. Firemen's Insur. Co.,* 93 Md. 596.

There are numerous decisions in this State to the effect that under our constitution no title to the property condemned passes to the condemning parties until there has been the payment or a tender of the damages fixed for the

taking of the property, and as in this case there is no pretense that the property in question has ever been paid for or tender made of the value fixed, there can of course be no question that no title whatever has passed to the Mayor and City Council.

Can the Mayor and City Council now at the close of 1919 proceed to open Potomac street along the lines set forth in the return of the Commissioners for Opening Streets, or has it by its inaction lost that right, so that if the city desires to open today it should be compelled to resort to an entirely new proceeding?

In *Norris* v. *Baltimore,* 44 Md. 598, JUSTICE MILLER, speaking for this Court, says: "The mere assessment of damages by commissioners or a jury is not a taking. It is a step preliminary to the taking, not the taking itself. * * * It is obviously unjust for the city to hold a condemnation over property for years, neither paying the assessment nor abandoning the improvement. The effect of so doing is in most cases to inflict loss and injury upon the owner, and it would be a reproach to the law if he were denied a remedy therefor."

It has been suggested that that which was laid down in the *Canton Co.* v. *B. & O. R. R. Co.,* 99 Md. 202, is necessarily to be regarded as controlling the present case. There is, however, a wide difference in the two cases; in the Canton Company case the damages for the taking proposed to be made was fixed at $20,000, which sum was duly paid by the railroad company to the Canton Company; but the railroad company did not thereafter proceed with the proposed improvement, and it was urged in behalf of the Canton Company that such non-user must be construed as an abandonment, and that the property over which the right of way had been given reverted to the Canton Company. This presented a case, first, where the full damages awarded had been paid, whereby the title passed to the condemning corporation; but it further appears from JUDGE PAGE's opinion in that case, that there

was good and sufficient reason for the failure to proceed with the user, because of the financial condition of the railroad at that time.   Both of these elements are lacking in the present case.

The cases, however, do hold that an abandonment of a right of way condemned for public use may be brought about in one of two ways, an explicit renunciation of the purpose to give effect to the condemnation, which in the case of a municipality would be by a repeal of the ordinance under which the proceedings were instituted; or such an abandonment may be deduced from acts *in pais,* and whether those acts constitute sufficient evidence of an intention on the part of the condemning corporation to abandon the proceeding is a question of fact for the jury, and not of law for the Court. *Mullan* v. *Belbin,* 130 Md. 313.

This case arises, however, in an equity Court, where the Chancellor is compelled to pass upon the questions of fact, as well as questions of law, and he must therefore decide whether there is anything in the circumstances of the case to justify the long delay in proceeding further under the condemnation proceeding.

An examination of the adjudications in this regard affords but little assistance, each one having turned apparently upon the facts as developed in the particular case.

There is no suggestion of an inability to proceed further by the city because of any financial stress, as in the case of the *Canton Co.* v. *B. & O. R. R., supra,* and the most that the appellee contends for in this case is that there shall be an abatement in the contract price, proportioned in the ratio that the contract price for the whole bears to the portion proposed to be condemned.

There is another consideration which must not be lost sight of.   It is a fact of common, universal knowledge that the values of real property in the City of Baltimore, and other portions of the State as well, have enhanced greatly since the time when the ordinance for the condemnation of Potomac

street was passed and proceedings thereunder begun before the Commissioners for Opening Streets, and for the city now to come in and seek to take advantage of the damages awarded by a jury three years and a half ago for the property in question would emphasize in the clearest manner the language of JUDGE MILLER in *Norris* v. *Baltimore, supra.*

It was manifest error, therefore, for the Circuit Court of Baltimore City to sustain the demurrer and dismiss the bill, and the decree appealed from will be reversed and the cause remanded; but inasmuch as it was to the advantage of both the parties to the suit, and practically a necessity, to have the adjudication of this Court upon the matter, the costs of this appeal will be directed to be paid one-half by each party.

> *Decree reversed, and cause remanded; one-half of the costs to be paid by each of the parties hereto.*