STATE ROADS COMMISSION *v.* ROMEO H. REDMILES ET AL.

[No. 49, April Term, 1939.]

*Decided June 6th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Thomas M. Jenifer, Special Assistant Attorney General, and George B. Woelfel, Special Counsel,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellants.

*Noth A. Hillman,* for the appellees.

SHEHAN, J., delivered the opinion of the Court.

The State Roads Commission filed a proceeding against Romeo Redmiles and others, appellees, to acquire by condemnation lands desirable and useful in the construction of a certain state road in Anne Arundel County. The proceedings were conducted in the usual manner and the jury awarded the sum of $1750 for the property to be taken.

The petition and plats filed in the case show that the land to be condemned included the site of a valuable spring, useful to its owners for the watering of cattle. It is admitted that considerable loss and damage would be sustained by the appellees by reason of the taking of this spring, and its importance was stressed by the appellees during the hearing of the proceedings. It was shown that its worth constituted a large factor in determining the value of the lands to be taken. The State Roads Commission was dissatisfied with the amount of damages awarded by the jury, contending that it was entirely out of proportion to the value of the lands and to the injury done to the appellees. It appears that, because of the situation of the spring, its condemnation was not necessary to the proper location and construction of the proposed road, and the destruction of it being such a large element in assessing the damages, the State Roads Commission abandoned that part of the proposed location of the road which included the spring, and caused to be made another survey of a right of way eliminating the spring and consequently the damages therefor. A second petition for condemnation was filed based upon these revised plans. The appellees filed a petition praying that this new proceeding be dismissed, and the Circuit Court for Anne Arundel County granted

the relief prayed and dismissed the proceedings; from which action the State Roads Commission appealed.

The question here presented is whether the appellants, acting for and on behalf of the State of Maryland, had a legal right under the facts above stated to institute the later proceeding, an award having already been made by a jury assessing the damages sustained by the defendants. The appellees further charge that the second location was substantially the same as that in the first proceeding. The State Roads Commission gave notice to the parties interested in the lands, in conformity with the statutory requirements, hereinafter recited, of their intentions to abandon the first proceedings and to institute another. The appellants, as petitioners under the first proceeding, made a motion for a new trial, which was overruled, and the judgment was extended on the inquisition in favor of the defendants.

The right of the State Roads Commission of Maryland to abandon a location and to relocate a proposed right of way is provided for in section 30 of article 26 of the Code, as follows: "In all cases of proceedings to condemn lands, for any purpose whatever, under any law or charter, upon the return and ratification of the inquisition by the proper court, and in all cases in which inquisitions may have been heretofore returned and ratified, the said court shall render a judgment against the person or corporation for whose use the condemnation may be so made in favor of the owners named in the inquisition for the amount of damages awarded by the jury, and unless, within ninety days after condemnation ratified, the same shall be abandoned by written notification to said owners, execution may immediately thereafter issue on said judgment, as in other cases of judgment rendered in courts of law."

Under the provisions of this statute it is clear that the State Roads Commission may abandon a location either before or after the award, by complying with the requirements of the statute. This the appellants did. With respect to this statutory right and authority there seems to be at least one limitation founded in common sense and upon legal principle; that is, successive condemna-

tion proceedings may not be instituted under like conditions and for the same lands, with the evident purpose of retrying the case and reassessing the damages, when the award does not meet with the approval of the petitioner. This principle seems to be conceded, and the rule is well stated in 20 *Corpus Juris*, at page 1078. "The abandonment must be in good faith and must be a complete surrender of the project so far as the land involved is concerned. The condemning party cannot resort to experimental suits and assessments, nor can it, while persisting in the avowal of its purpose to condemn the land, withdraw from the inquisition and the judgment thereon because dissatisfied with the result, in order to seek by other methods to procure a smaller valuation of the desired property."

As early as the case of *Norris v. Baltimore,* 44 Md. 598, 604, the right of abandonment and relocation was before this court and there it was stated: "It has long been the settled law of Maryland, that both private and municipal corporations, when authorized to exercise the power of eminent domain, have the right to renounce the inquisition and select a more eligible route, or to wholly abandon the improvement or enterprise, at any time before actual payment of the amount assessed, either by commissioners or jury, and until that time no title to the property condemned vests in the corporations." And this rule has been affirmed and restated in the later case of *Pitsnogle v. Western Maryland R. Co.,* 123 Md. 667, 91 A. 831. See, also, *Wagner v. Bealmear & Son Co.,* 135 Md. 690, 109 A. 466; *Marchant v. Baltimore,* 146 Md. 513, 126 A. 884. This being so, the question here resolves into an investigation as to whether the proposed taking in the second proceeding is the same as that in the first. The change in the location and the value of the thing taken and the resulting injury to the land owner become important. The spring, which is of no value to the State Roads Commission and of great value to the appellees, is under the second proceeding left undisturbed, to those to whom it will be of value, and not taken by those to whom it will be of no value, both of the

parties are therefore benefited and neither in that behalf is injured. The changing of the lines and the consequent alteration of the location are not considerable as to area but are substantial in effect. The problem created by the spring in question is solved in a rational way, for its use, which is claimed to be of great value to the appellant, remains unimpaired, and presumably the State of Maryland will thereby be saving a considerable sum of money. There is nothing inequitable or extraordinary in such an arrangement, and it should have the approval of the parties interested. The abandonment of the previous plans and the selection of a more eligible route would certainly fall within the broad and general discretionary powers vested in the State Roads Commission with respect to lands taken for its use, as provided in article 89B of the Code (Supp. 1935). The discretion so vested, unless wrongfully, arbitrarily, or oppressively exercised, may not be controlled or reviewed by the courts. *Murphy v. State Roads Commission,* 159 Md. 7, 149 A. 566; *Dunne v. State,* 162 Md. 274, 159 A. 751; *Kohler v. State Roads Commission,* 125 Md. 444, 94 A. 16. See also the Acts of 1933, chapter 341, and Code of Public General Laws, art. 33A, under which this suit was brought. In this relocation as evidenced by the survey, no abuse of those powers is found, but only a selection of a "more eligible route" for the proposed road.

It would seem that the second proceeding designates a location materially different from that of the previous one; first in so far as the damages to which the property owner will be entitled and which the State will be required to pay, through the elimination of the spring, and also, that there are substantial changes in the land to be taken and in the plan of construction of the road as it relates to the property of the appellees. We are, therefore, of the opinion that there was error in the lower court in granting the motion to dismiss the second proceeding and, therefore, there must be a reversal of the order from which this appeal is taken.

*Order reversed, costs to be paid by the appellee.*