## LIGON ET UX. *v.* POTOMAC ELECTRIC POWER COMPANY

[No. 211, September Term, 1958.]

*Decided March 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Hodge Smith,* with whom were *Kelley & Smith* on the brief, for the appellants.

*Richard W. Emory,* with whom were *Cornelius Means, Frank A. Tyler, Jr.,* and *Venable, Baetjer & Howard* on the brief, for the appellee.

PER CURIAM.

The sole question raised on this appeal is whether the trial court in a condemnation case properly ruled as a matter of law that the condemner had shown a necessity to take a strip of the appellants' property, for the purpose of erecting and maintaining an overhead power line, in fee simple rather than as an easement that would permit the quarrying of stone in the subsurface of the strip.

The cases recognize, and it is virtually conceded, that the choice as to the extent and type of taking must rest largely in the sound business judgment of the condemner, and that such choice will not be set aside by the court unless it is so oppressive, arbitrary or unreasonable as to suggest bad faith. See *Murphy v. State Roads Comm.,* 159 Md. 7, 15; *State Roads Comm. v. Redmiles,* 176 Md. 677, 681; *Johnson v. Gas & Electric Co.,* 187 Md. 454, 463; *Lustine v. State Roads Comm.,* 217 Md. 274, 278. Closely in point are the cases of *Webster v. Pole Line Co.,* 112 Md. 416; *Potomac Power Co. v. Birkett,* 217 Md. 476; and *Jeweler v. Potomac Elec. Pow. Co.,* 217 Md. 458. Cf. Code (1957), Art. 23, sec. 197, and Code (1957), Art. 33A, sec. 14.

A careful review of the testimony demonstrates, we think, that the condemner in the instant case acted upon the advice of a qualified and independent engineer, who testified that it would not be practical to permit mining operations under the surface of the strip, and that such operations would create a hazard to the transmission lines. There was also testimony that the condemner was influenced to some extent by its desire to avoid possible complications, such as extinguishment of an easement by tax sale, and possible additions and changes in the structures. Apparently the company had decided as a matter of policy that the rights of way for the whole line should be acquired in fee. Upon this record, we think there was no showing that the condemner's choice was so arbitrary or unreasonable as to require that it be set aside.

*Judgment affirmed with costs.*