## THE POTOMAC EDISON COMPANY *v.* DONALD M. BOUTON ET UX.

[No. 1389, September Term, 1978.]

*Decided September 10, 1979.*

The cause was argued before THOMPSON, LISS and COUCH, JJ.

*Peyton Paul Phillips,* with whom was *Frederick J. Bower* on the brief, for appellant.

*Robert L. Ferguson, Jr.,* with whom were *Allen, Thieblot & Alexander* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

The Potomac Edison Company, appellant, sought to construct an electric transmission line from its Carroll station

in Carroll County to a proposed Mt. Airy station in Frederick County. To accomplish this purpose appellant is entitled to exercise the power of eminent domain in obtaining easements over the proposed route. A prerequisite to the exercise of that power is that appellant obtain from the Maryland Public Service Commission (the Commission) a certificate of public convenience and necessity. Md. Code, Ann. Art. 78, § 54A and § 54B. *Bouton v. Potomac Edison Co.,* 282 Md. 142, 383 A.2d 669 (1978). In its application for such a certificate appellant submitted a proposed route which would have passed through a wooded area and to the southwest of a certain Boy Scout camp and then through a relatively small portion of appellees' property. In an order dated November 13, 1974, the Commission conditionally approved the certificate ordering, in part, as follows:

"(1) That a Certificate of Public Convenience and Necessity be, and it is hereby, granted to The Potomac Edison Company for the construction of a 230 kV transmission line as set forth in the application, except as hereinafter modified.

"(2) That the following conditions are made part of said Certificate of Public Convenience and Necessity:

* * *

"(g) That with respect to the area where the proposed transmission line passes in the vicinity of the Boy Scout Camp, the Company be required to make a modification of its proposed line routing so as to place approximately an additional 100 feet between the transmission line and the pond; the movement of the line, in order to effectuate this modification, should be confined to and remain within the wooded area southwest of the pond;

* * *

"(i) That the Applicant follow, where practical, the guidelines for the protection of the

natural, historic, scenic, and recreational values as set forth in the Guidelines for the Transmission Facilities recommended by the Working Committee on Utilities in its Report to the Vice President and to the President's Council on Recreation and Natural Beauty, dated December 27, 1968."

To meet condition (2) (g) appellant altered its proposed route so that it would pass the required distance to the southwest of the Boy Scout pond. The modified route exited the wooded area and entered appellees' property at a point approximately 470 feet south of the original route. The result was that the new route passed through a much greater portion of appellees' property than did that originally proposed.

Unable to reach an agreement with appellees as to the amount of compensation that should be paid, appellant filed its petition for condemnation in the Circuit Court for Frederick County. The inquisition of the jury awarded $24,200 to appellees as damages for the easement taken. On appeal, the Court of Appeals remanded the case pursuant to Md. Rule 871 for a determination of "whether the modified line route conforms to condition (2) (g) of the Commission order of 13 November 1974." *Bouton v. Potomac Edison Co.,* 282 Md. 142, 150, 383 A.2d 669 (1978). The Court explained the importance of that determination as follows:

"Upon conducting the appropriate proceedings upon remand, the trial court shall take such action with respect to the entering of a new judgment as is required by its findings. *See Board v. John K. Ruff, Inc.,* 278 Md. 580, 596, 366 A.2d 360 (1976). If it determines that the modified route is not in compliance with the Commission's order, the Company would not be empowered to obtain by condemnation the easement over Bouton's land which its petition seeks, and the court shall thereupon vacate the inquisition and enter a judgment in favor of Bouton for costs pursuant to

Rule U21 b. If the court determines that the modified route is in compliance with the Commission's order, the Company would be authorized to obtain by condemnation the easement sought, and the court shall thereupon reenter final judgment on the inquisition pursuant to Rule U21 d." *Id.* at 150-51.

Upon a retrial the question framed by the Court of Appeals was submitted to a jury which returned a verdict against appellant. From the judgment entered on that verdict, appellant appeals contending (1) that the case should not have been submitted to a jury; (2) that the court should have granted a summary judgment for the Company; and (3) that the court erred in allowing a surveyor to give his opinion on the question of compliance with the Commission's order.

We agree that under the law the question should not have been submitted to a jury. Md. Rule U15 a. provides as follows:

"A proceeding for condemnation shall be tried by a jury unless all parties elect trial by the court without a jury as hereinafter provided."

It is important to observe, however, the following notation by the Rules Committee following Rule U15 in Vol. 9C of the Md. Code Ann., Md. Rules:

"*Committee note.* — No change is intended in the present law as to whether the question of the right to condemn is for the court or for the jury. See Johnson v. Consolidated Gas, Elec. Light & Power Co., 187 Md. 454, 50 A.2d 918 (1947); Lustine v. State Rds. Comm'n, 217 Md. 274, 142 A.2d 566 (1958); Potomac Elec. Power Co. v. Birkett, 217 Md. 476, 143 A.2d 485 (1958); Ligon v. Potomac Elec. Power Co., 219 Md. 438, 149 A.2d 376 (1959)."

We quote from two of these cases to illustrate the state of the law on this issue:

"The appellants contend that there was error in refusing to allow them, during the course of the trial, and as part of their case before the jury, to attempt

to show that the determination of necessity and the denial of access by the State Roads Commission was arbitrary, capricious or unreasonable. We find no merit in this contention. Such questions, at most, were for the court, and not the jury, to pass upon. *Hyattsville v. Washington, Westminster & Gettysburg Railroad Company,* 122 Md. 660, *Johnson v. Gas & Electric Company,* 187 Md. 454, *Nichols on Eminent Domain,* 3d Ed. Sec. 4.105 (5), *McCarthy, et al., v. Bloedel Donovan Lumber Mills,* Circuit Court of Appeals, Ninth Circuit, 39 F. (2d) 34, *St. Clair County Housing Authority v. Quirin* (Ill.), 39 N.E. (2d) 363, *Wilton v. St. Johns County* (Fla.) 123 So. 527, 65 A.L.R. 488, and *Davidson, et ux., v. Commonwealth, ex rel., State Highway Commission* (Ky.) 61 S.W. (2d) 34." *Lustine v. State Roads Comm'n,* 217 Md. at 278.

"We think it plain that the question of the right to condemn properly was determined by the court as a preliminary matter. This question, of course, was one for the court to decide. *Lustine v. State Roads Commission,* 217 Md. 274, just decided. . . . At a time when the provisions now codified as sections 4 and 9 of Art. 33A were in effect, the Court held in *Davis v. Board of Education,* 166 Md. 118, that there was no right of appeal from a preliminary determination that a petitioner had a right to condemn because that was not a final judgment, but accepted as a matter of course the fact that the question had been decided in advance of the trial by decision on a demurrer to a plea in bar." *Potomac Elec. Power Co. v. Birkett,* 217 Md. at 482-83.

The appellees argue that under Rule U19 it was proper to submit the issue of appellant's right to condemn to the jury. That Rule merely provides for the form and contents of an inquisition, as follows:

"a. *Form of Verdict.*

The trier of fact shall render a special verdict in the form of an inquisition.

b. *Caption.*

The inquisition shall be captioned with the complete titling of the case, except that the addresses of the parties may be omitted.

c. *Signature — Date.*

The inquisition shall be signed by each member of the jury, or, if the case is tried without a jury, by each of the judges hearing the case, and shall be dated the day when rendered.

d. *Finding on Right to Condemn.*

The inquisition shall contain a finding as to whether or not the plaintiff has the right to condemn the property sought to be condemned.

*Cross reference.* — See Committee note following Rule U15 (Trial — Method — No Removal).

e. *Description of Property.*

The inquisition shall contain a description of the property condemned complying with the requirements for a description of property sought to be condemned in a petition for condemnation under this subtitle.

f. *Nature of Plaintiff's Estate.*

The inquisition shall state the nature of the interest in the property acquired by the plaintiff.

g. *Award of Damages.*

The inquisition shall set forth the amount of damages, if any, to which each defendant or class of defendants is entitled or, if the court so orders, the total amount of damages awarded or both.

h. *Other Matters.*

The inquisition shall contain the findings on such other issues as, under the pleadings and evidence, the court may properly have submitted to the trier of fact for special findings."

In view of the Committee's notes, appellees' contention is without merit. All that was intended by Rule U19 d. was that the inquisition should recite what the finding of the court had been on the issue of the right to condemn.

Appellant also contends that the trial court erred in refusing to grant its motion for summary judgment. The motion was based largely on the affidavits of two of the Commission's engineers and of an engineer employed by appellant. The two Commission engineers stated that they reviewed the modified line route in light of the Commission's order and concluded that it was in compliance with that order. The only factual basis given for that conclusion consisted of the following: (1) That the modified route was the required distance from the pond; and (2) That the modification was entirely within the wooded area. As to the first point there is no dispute. As to the second point, however, it would appear that the exhibits flatly contradict the assertion. It is obvious that the modified route extends well beyond the wooded area.

The third affidavit states nothing more than the affiant's conclusion that the modified route complies with condition (2) (g) of the Commission's order. The conclusions expressed in these affidavits are of value only insofar as they are based on sound factual bases. It is readily apparent in the present case that no such bases existed in the proffered affidavits or in the deposition relied on by appellant in support of its motion for summary judgment. The court did not err in denying that motion.

Appellant's final contention is that the trial court erred in allowing a surveyor to give his opinion concerning the interpretation of the Commission's order when the witness had had no experience in interpreting such orders or in formulating electric transmission line routes. It is argued that because of the specialized nature of routing and constructing electric transmission lines a particular expertise is required for the interpretation of Commission orders relative to such lines. Appellant has pointed to no factual basis, applicable to this case, for this assertion. As we view the case, the opinion given by this witness was as valid as those given by appellant's experts. All of these witnesses expressed opinions

on the ultimate question of whether the modified line route complied with the Commission's order. That is the issue to be determined by the court on the basis of the facts presented. While the testimony of various surveyors and engineers with respect to the underlying facts is of importance in making this determination, their ultimate conclusions on the question of compliance are of little weight.

In light of what we have said above, we find it necessary to remand the case so that the trial judge may decide the issue as directed in *Bouton v. Potomac Edison Co., supra.* In doing so, we call the parties' attention to two observations there made by the Court of Appeals:

> *"We observe that the authority of the Commission to prescribe the exact location of the line route is not raised by the parties and we do not consider it."* Id. at 145. (Emphasis added.)

> "It is true that the Examiner sought a review of the modified line route by the Engineering Division of the Commission and received a memorandum from the Chief Engineer which concluded, on the basis of a review by a staff engineer, whose memorandum was attached, that '[w]e have determined that the modification as proposed by Potomac Edison is in compliance with paragraph (g) of Order 61016.' In argument on the motion for summary judgment the Company's attorney stated: '[W]e later got a letter from the Public Service Commission saying, "The rerouting is in accordance with the Public Service Commission order." ' The letter mentioned is not in the record before us. The statement of the Chief Engineer was only an expression of his opinion, and even if shared by the Examiner, is not a determination by the Commission itself. In any event, it is obvious that the Commission order of 13 November 1974 may not be considered as approving whatever modification of the original route the Company believed to be in compliance with the

condition, or, specifically, as approving the line route as here subsequently modified. *We have not been referred to, nor do we find in the record, a final order or decision by the Commission confirming that the modified route fulfilled the condition. See* Code (1957, 1975 Repl. Vol.) Art. 78, § 20.[7] " (Footnote 6 omitted. Emphasis added.) 282 Md. at 147-48.

If appellant's witnesses were correct we do not see why it could not obtain a Commission order, as suggested by the Court of Appeals, prior to retrial.

A cross-appeal was also noted on behalf of the Boutons (cross-appellants). It raised the issue of whether the trial court should have specifically included in its award of costs an award of counsel fees, expenses, surveyor's fees, and appraisal fees and ordered a surrender of possession of the property by the Company. On October 17, 1978, cross-appellants filed a petition for costs, payment of penalty bond and surrender of possession. The company filed its order for appeal on October 20, 1978, and the cross-appeal was filed on November 9, 1978. Meanwhile, no disposition had been made of the petition for costs and surrender of possession. On November 28, 1978, cross-appellants requested a hearing on the matter which was held on January 5, 1979. The trial court then ruled that because an appeal had been taken, it no longer had jurisdiction over the issue and therefore did not decide it. Cross-appellants then filed another notice of appeal from the court's January 5 ruling. In view of our disposition

---

"7. Section 20 of Art. 78 enabled the Commission to delegate authority to its personnel who were authorized 'to submit findings and recommendations to the Commission.' There was the proviso: 'No decision in any matter in which authority has been delegated under this section shall be effective until made or confirmed, and ordered filed, by the Commission in its principal office.'

"Section 20 was repealed and a new § 20 was enacted in lieu thereof effective 1 July 1976 by Acts 1976, ch. 756. It was amended by Acts 1977, chs. 54, 723. Code (1957, 1977 Cum. Supp.) Art. 78, § 20."

of the appeal the questions raised by the cross-appeal are not
now ripe for our determination.

> *Case remanded to the Circuit Court
> for Frederick County without
> affirmance or reversal pursuant to
> Maryland Rule 1071 for further
> proceedings in accordance with
> this opinion, the costs to abide the
> result in the lower court.*